JAMES P. MICHAELSON v. ALLEN D. BEEMER, WARDEN.

FILED DECEMBER 7, 1904.  No. 13,975.

1. **Habeas Corpus. VOID JUDGMENT.** The writ of habeas corpus cannot operate as a proceeding in error. If a person is restrained of his liberty by virtue of an absolutely void judgment, he may be discharged on habeas corpus. To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity. Following *In re Fanton*, 55 Neb. 703.

2. **Jurisdiction.** The judge of a district court has no jurisdiction to try and determine the guilt or innocence of a defendant charged with a felony who pleads not guilty, without a trial to a jury, and such jurisdiction cannot be conferred by consent of the accused.

3. **Void Commitment.** Where a prisoner is held under a void commitment, but is properly informed against by information or indictment charging a crime before a court of competent jurisdiction, on a habeas corpus proceeding he should be discharged from his confinement on the illegal commitment, and remanded to the custody of the court having jurisdiction of the information or indictment pending against him.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Reversed with directions.*

*T. J. Doyle* and *Bishop & Anderson,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, contra.*

OLDHAM, C.

On the 31st day of August, 1904, plaintiff in error was tried at a special term of the district court for Garfield county on a charge of grand larceny, and was found guilty and sentenced to one year's confinement in the penitentiary of Nebraska. No jury was impaneled at the trial, the state and prisoner agreeing to waive a jury. On October 6, 1904, an application for a writ of habeas corpus was made to one of the judges of the district court for Lancaster county for the release of the prisoner from the custody of the warden of the penitentiary. The application was denied, and the prisoner remanded to the custody of the warden, and from this order he prosecutes error.

There are no disputed facts in the record, and it shows that the prisoner was properly informed against by the county attorney of Garfield county on a charge of grand larceny; that he was duly arraigned, and tendered a plea of not guilty to this charge; that, by the consent of the

prisoner and the county attorney, a jury was waived and a trial had to the judge of the district court, which resulted in a verdict of guilty, and sentence by the court to one year's confinement in the penitentiary, and that the warden is holding the prisoner on a commitment issued on this judgment and sentence.

The first question presented is as to whether habeas corpus will lie in the case at bar, no error proceedings having been instituted for the purpose of reversing the judgment of the district court, on which the commitment was issued. We have frequently held that the writ of habeas corpus is not a corrective remedy, and is never allowed as a substitute for the plea of a writ of error. This rule is well stated in the case of *In re Fanton*, 55 Neb. 703, in which we held:

"The writ of habeas corpus cannot operate as a proceeding in error. If a person is restained of his liberty by virtue of an absolutely void judgment, he may be discharged on habeas corpus. To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity."

This doctrine is supported by an unbroken line of authorities in both the federal and state courts of this nation, and consequently the question we are confronted with at the threshold of this controversy is, was the judgment and sentence of the district court absolutely void or only erroneous? The prisoner contends that the sentence and judgment were absolutely void, and the warden, through his counsel the deputy attorney general, contends that they were merely erroneous. To determine the construction of the constitution and statutes bearing upon the  contention whether or not a citizen of this state charged with a felony or infamous crime may waive his right to a trial by a jury, it is proper to examine the public policy of the state with reference to the trial of persons charged with such offenses.  The public policy of the state is always reflected from its constitution, its statutes and the decisions of its court of last resort. Section 3, article I of the constitu-

tion of Nebraska, provides: "No persons shall be deprived of life, liberty or property, without due process of law." Section 6, article I, provides: "The right of trial by jury shall remain inviolate." Section 11, article I, also provides, among other things, that in all criminal proceedings the accused shall have the right to a speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Section 296 of the code provides for the waiver of a jury in civil cases. There is no provision, however, in the code of criminal procedure for such waiver of a jury, but section 466 of the criminal code provides: "In all criminal cases, except as may be otherwise expressly provided, the jury summoned and impaneled according to the provisions of the laws in force relating to the summoning and impaneling of juries in other cases shall try the accused." In construing this provision of the statute we held in *Arnold v. State*, 38 Neb. 752:

"The statute was designed for the protection of the state as well as the prisoner. His consent could not change the law. The rights given him by a statute he could not waive; and, even by agreement with the state's prosecutor, the tribunal which the law provided for the trial of this issue could not be set aside and some other tribunal substituted."

This doctrine is supported by a long line of well considered cases in the various states of this Union, among which may be cited *State v. Carman*, 63 Ia. 130, 18 N. W. 691; *Cancemi v. People*, 18 N. Y. 128; *Harris v. People*, 128 Ill. 585, 21 N. E. 563; *State v. Lockwood*, 43 Wis. 403; *Williams v. State*, 12 Ohio St. 622; Cooley, Constitutional Limitations (7th ed.), 458; *Ex parte Smith*, 135 Mo. 223. If, then, the only tribunal provided by the constitution and laws of the state of Nebraska for the trial of one charged with a felony is a court and jury, it follows that the parties cannot by agreement constitute some other tribunal for this purpose. Consent of parties can waive jurisdiction of the person, but the law alone confers juris-

diction of the subject matter.  If parties by consent could confer jurisdiction on a judge of a district court, which is withheld by the constitution and statutes of the state, then, by the same agreement, they might confer on a committing magistrate the jurisdiction to try and finally determine the guilt or innocence of one charged with a felony at his preliminary examination.  When the information was filed in the district court for Garfield county charging in statutory language the prisoner with the offense of grand larceny, and he came into court either voluntarily or under the custody of the sheriff, the court became possessed under the laws of the state with the jurisdiction of the person of the defendant, and was authorized to make such orders touching the arraignment of the prisoner, his admission to bail, or commitment in default of bail, as the statute provides.  But when the defendant pleaded not guilty, and the cause was set for trial on such plea, the only tribunal provided by the constitution and laws of this state that had authority to determine whether the defendant was guilty or innocent of the offense charged in the information was a jury summoned from the county in which the offense was alleged to have been committed.  When the judge of the court, acting under a mistaken conception of the effect of the consent of the prisoner, undertook to determine the question of his guilt or innocence of the felony charged, his judgment and sentence based on such judgment was a mere nullity and absolutely void.  From this line of reasoning it follows that the commitment under which the respondent warden detains the petitioner in the penitentiary is a legal nullity.  It therefore follows that so much of the judgment of the district court as remanded the prisoner to the custody of the warden of the penitentiary is erroneous, and should be set aside.

It does not follow, however, as contended by counsel for the prisoner, that because the commitment under which the warden detains the prisoner is insufficient, the prisoner should be discharged from further proceedings, for it is

provided by section 358 of the criminal code, which governs habeas corpus proceedings, among other things: "When the said judge shall have examined into the cause of the caption and detention of the person so brought before him, and shall be satisfied that the person is unlawfully imprisoned or detained, he shall forthwith discharge such prisoner from said confinement. And in case the person or persons applying for such writ shall be confined or detained in a legal manner, on a charge of having committed any crime or offense, the said judge shall, at his discretion, commit, discharge, or let to bail such person or persons." Now, it clearly appears that an information properly charging the offense of grand larceny, to which the prisoner has pleaded not guilty, is pending against him for trial before a duly authorized tribunal in Garfield county, and the rule covering such case is that, if the commitment on which the prisoner is detained is insufficient, the court on habeas corpus will discharge the prisoner from that commitment, and will recommit him to the custody of the court having jurisdiction of the offense properly charged by indictment or information against him. *Ex parte Bennett,* Fed. Cas. No. 1,311, 2 Cranch (C. C.), 612; *In re Ring,* 28 Cal. 247; *Miller v. Snyder,* 6 Ind. 1; *In re Mason,* 8 Mich. 70; *Ex parte Badgley,* 7 Cow. (N. Y.) 472.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded, with directions to the trial court to discharge the prisoner from his confinement in the penitentiary on the warrant of commitment based on the void judgment and sentence of the judge of the district court for Garfield county, and that the prisoner be required to enter into a recognizance for his appearance at the next term of the district court for Garfield county to answer the charge of grand larceny therein pending against him, and that these proceedings and the recognizance so directed be certified to the district court for Garfield county, as provided by section 358 of the criminal code, and that in default of the recognizance so

directed the prisoner be committed to the jail of Garfield county, there to remain until discharged by due process of law.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to the trial court to discharge the prisoner from his confinement in the penitentiary on the warrant of commitment based on the void judgment and sentence of the judge of the district court for Garfield county, and that the prisoner be required to enter into a recognizance for his appearance at the next term of the district court for Garfield county to answer the charge of grand larceny therein pending against him, and that these proceedings and the recognizance so directed be certified to the district court for Garfield county, as provided by section 358 of the criminal code, and that in default of the recognizance so directed the prisoner be committed to the jail of Garfield county, there to remain until discharged by due process of law.

JUDGMENT ACCORDINGLY.