Fuller v. Fenton.

---

FLOYD FULLER, APPELLANT, v. WILLIAM T. FENTON, WARD-EN, APPELLEE.

FILED MARCH 27, 1920. No. 21136.

1. **Habeas Corpus:** LIMITATION OF INQUIRY. "The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus. If the court had jurisdiction of the defendant and authority to try the charge against him, its action can be assailed only in a direct proceeding." *McCarty v. Hopkins,* 61 Neb. 550.

2. ———: ———. Where, on a charge of murder in the first degree, the accused, after being fully informed of the nature of the plea and of the penalty which may be imposed, and having the advice of his counsel, pleads guilty to murder in the second degree, which plea is accepted by the state, and he is accorded the right to make a statement before sentence, he cannot thereafter successfully maintain habeas corpus on the ground that the sentence is void because the record does not recite that witnesses were examined in open court before sentence.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Orville L. Jones,* for appellant.

*Clarence A. Davis, Attorney General,* and *George W. Ayres, contra.*

LETTON, J.

The petitioner brought habeas corpus proceedings to obtain his release from the penitentiary, where he was serving a life sentence under a warrant of commitment based on the following record: He alleges that the court failed to examine witnesses in open court to determine the degree of the murder, and because of such failure was without jurisdiction to pass sentence, and the sentence was null and void; and that he believes that, if the court had examined witnesses in open court, the court would have required a change of plea to "not guilty."

The record of the proceedings in the district court, so far as material, is as follows: "Now on this day comes the county attorney on behalf of the state of Nebraska, the said defendant, Floyd Fuller, being brought into court in the custody of the sheriff, was thereupon duly arraigned for plea; and the information herein read to him for plea thereto, says that he is guilty of the charge of murder in the second degree, which plea is accepted by the county attorney. Whereupon the said defendant was duly arraigned for sentence. And thereupon the said defendant was informed by the court of the nature of his said plea of guilty to the charge of murder in the second degree, of the consequences thereof, and of the

penalty attached by law thereto, and after being thus advised and instructed by the court, the said defendant still persists in his said plea of guilty and says that he desires to stand thereon. Whereupon the said defendant was inquired of if he had anything to say why the judgment and sentence of the court should not be pronounced against him, and showing no good and sufficient reason to the contrary." (Here follows a sentence of life imprisonment.)

It is contended that if the examination of witnesses to determine the degree of the crime, as provided by section 9130, Rev. St. 1913, is omitted, the court has no jurisdiction to pass sentence, and that habeas corpus will lie to discharge a prisoner confined under a void sentence.

The latter proposition may be admitted. The controlling question is: Is the sentence absolutely void, or is it merely erroneous and one which might have been set aside by proceedings in error.

The cases relied upon by the petitioner, upon examination, do not sustain his position. In *Michaelson v. Beemer,* 72 Neb. 761, the petitioner was convicted of a felony under a plea of not guilty upon a trial without a jury. On habeas corpus proceedings, it was held that the trial was a nullity because the only tribunal provided by the Constitution of the state to determine his guilt or innocence was a jury. He was held for trial before a jury in the proper county. In *Atwood v. Atwater,* 34 Neb. 402, another habeas corpus case, the record showed that the accused pleaded not guilty, and the court imposed a sentence without verdict and finding. The judgment was absolutely void for that reason.

In *In re Walsh,* 37 Neb. 454, the petitioner was convicted upon two counts, sentence on the second to follow at a date fixed after the expiration of the first. His first sentence had expired by good time, and the time fixed for the second sentence had not arrived, when he began proceedings. He was therefore held entitled to discharge, the court incidentally holding that the second

sentence was unauthorized, since forging and uttering a check only constituted one crime, and a cumulative sentence could not be imposed.

In *In re Jones*, 35 Neb. 499, the petitioner had been convicted and sent to the industrial school as being under the age of 18 years. Without his knowledge or consent, the sentence was set aside and he was brought back and sentenced to the penitentiary. The court held that the first sentence was not void, but merely erroneous, that the second was void, and he would be returned to the industrial school but for the fact that his term had expired.

This examination shows that, instead of these cases supporting petitioner's contention, they tend to support the opposite view. A few careless expressions may be found in opinions in error cases, which, if considered apart from the facts, or the nature of the case, may be misleading. General language used in opinions should always be considered and interpreted according to the facts and the nature of the proceeding. *Hennig v. State,* 102 Neb. 271, and *Lee v. State,* 103 Neb. 87, cited by petitioner, are both proceedings in error. In the latter case the jury failed to find the value of the stolen property upon a conviction for larceny. It was held, following a long line of decisions, that, no value being found, the judgment was defective, and it was said: "The jury failed to find any value for the property taken; then it follows the trial court has no jurisdiction to pass sentence." This was not an uncommon, but not a strictly correct and technical, use of the word "jurisdiction." The court had jurisdiction, but it was erroneously exercised, and the cause was reversed.

It seems evident that it was the intention of the legislature to protect one charged with murder in the first degree from the possibility of being sentenced to death merely upon his confession of guilt. There are a number of crimes which by statute have several degrees of punishment, depending upon the existence or nonexistence

of certain facts; for example, grand larceny of goods and chattels is punishable with imprisonment of from one to seven years, while for the larceny of horses or cattle, or of a last will, ten years' imprisonment may be imposed, and so in burglary the punishment may vary according to the existence of certain elements of intent.

When the state accepted a plea of murder in the second degree, it amounted to a nolle, or withdrawal, of the charge of murder in the first degree. The petitioner therefore was not convicted of a capital offense, but one punishable with imprisonment only.

He was fully informed of the nature of his plea and its consequences, and of the penalty, and, after being so advised and instructed, he still persisted in his plea. It is a matter of judicial knowledge that the universal practice in the trial courts of this state for the last half century has been that, where such a plea is tendered, the court inquires of the accused and his counsel and of the prosecuting attorney as to all the facts and circumstances of the case, and pronounces such sentence as these seem to warrant.

In *In re Application of Cole,* 103 Neb. 802, 807, it was held that, in a charge of murder in the first degree, the accused may not himself determine the degree of the crime, and that the court should determine the degree from the evidence; but it is also held that habeas corpus proceedings are not for the correction of errors, and that, if prejudicial errors have occurred after the defendant's guilt has been determined, the judgment may be set aside in proper proceedings, and the cause remanded; that the remedy is by petition in error, and not by habeas corpus. This is the same question presented here, and is decisive.

The defendant was offered the opportunity to tell the court any mitigating circumstances, and no doubt, if requested by him, the court would have heard witnesses. The mere fact that he failed to avail himself of the privilege is not one which he can take advantage of by habeas

Prairie Life Ins. Co. v. Schumann.

corpus proceedings. The district court properly refused the writ, and its judgment is

AFFIRMED.

DAY, J., not sitting.