CHARLES H. HULBERT, APPELLEE V. WILLIAM T. FENTON, WARDEN, APPELLANT.

FILED JULY 20, 1927. No. 26129.

1. **Habeas Corpus.** The writ of habeas corpus cannot be used as a substitute for proceedings in error.

2. ———: IRREGULARITIES. Where the trial court has jurisdiction of the offense and of the person of the defendant and has power to render the particular judgment or sentence in a proper case, habeas corpus will not lie upon the ground of mere irregularities in the judgment or sentence. "To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity." *Michaelson v. Beemer*, 72 Neb. 761.

Hulbert v. Fenton.

3. ————: COLLATERAL ATTACK: EXTRINSIC EVIDENCE. Habeas corpus is a collateral, and not a direct, proceeding, when regarded as a means of attack upon a judgment sentencing a defendant; and when the judgment is regular upon its face and was given in an action in which the court had jurisdiction of the offense and of the person of the defendant, no extrinsic evidence is admissible in a habeas corpus proceeding to show its invalidity.

4. Criminal Law: INDETERMINATE SENTENCE. Under section 10248, Comp. St. 1922, when a court, in pronouncing an indeterminate sentence on a defendant, fixes the minimum at not less than the minimum and the maximum at not more than the maximum provided for the substantive offense of which the defendant stands convicted, and the defendant is committed under such sentence, he is required to serve the maximum unless sooner released from custody by the board of pardons and paroles under provisions of law guiding the actions of that board or unless such sentence is corrected or changed by virtue of proper error proceedings.

5. Bail: HABEAS CORPUS: APPEAL. In a habeas corpus proceeding, when, under section 10281, Comp St. 1922, the judge in the exercise of his discretion orders the discharge of a prisoner, who has been convicted and committed to confinement by proceedings regular on their face, but the offense for which he was committed is clearly a bailable offense, and the respondent gives timely notice of appeal while the prisoner is still in court and before his discharge, the judge should require the prisoner to enter into a reasonable recognizance conditioned for his appearance upon a review in the appellate court.

6. Habeas Corpus: REVERSAL: REMAND TO CUSTODY. "A prisoner set at liberty by habeas corpus may, upon reversal of the order by an appellate court, be remanded to the custody from which he was freed." *State v. Shrader,* 73 Neb. 618.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed, with directions.*

O. S. Spillman, *Attorney General* and *Lloyd Dort,* for appellant.

Dale P. Stough, *contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ.

Goss, C. J.

Charles H. Hulbert, the relator in a habeas corpus application, was discharged from the custody of the respondent, William T. Fenton, warden of the state penitentiary, by order of the district court for Lancaster county. The respondent appealed.

The relator alleged that in Lincoln county, Nebraska, he was charged with grand larceny committed June 23, 1924, and, when arraigned, pleaded guilty; that on January 19, 1925, the trial court imposed on him an indeterminate sentence of not less than three nor more than seven years in the state penitentiary, notwithstanding the trial judge knew the relator had previously served a term of one year in the state penitentiary and so was not a first offender; and that any detention beyond the term of three years in the case in which relator pleaded guilty is illegal; and that the state board of pardons and paroles, with which he filed a petition for commutation, refused to entertain jurisdiction, but orally denied any action thereon, leaving him no remedy available except habeas corpus. Issues were joined by a return filed by the respondent, a trial was had, and on June 30, 1927, the relator was ordered discharged. On the same day a motion for new trial was filed by the respondent, was overruled by the court, appeal was taken to this court, the cause was advanced, owing to its public importance, by special agreement of the parties, arguments were had, and the case was submitted on July 6, 1927.

Section 9599, Comp. St 1922, defining grand larceny, provides a penalty of imprisonment for not less than one nor more than seven years.

Section 10248, Comp. St. 1922, provides: "Every person over the age of eighteen years convicted of a felony or other crime punishable by imprisonment in the penitentiary excepting treason and crimes of violence or attempts at crimes of violence against the person of another shall if judgment be not suspended or a new trial granted be sentenced to the penitentiary, but the court imposing such

Hulbert v. Fenton.

sentence may in its discretion and providing such person has not previously been confined in any penitentiary impose on such person an indeterminate sentence. In passing such indeterminate sentence upon any such person so convicted, the court may fix the terms of any indeterminate sentence which it desires, provided the minimum term fixed by the court shall not be less than the minimum term provided by law for the crime for which the person was convicted, nor the maximum term be greater than the maximum term provided by law for the crime for which the person was convicted. The release of any person sentenced to an indeterminate sentence is to be determined as hereinafter provided."

The respondent argues that habeas corpus does not lie in a case like this because the district court for Lincoln county has jurisdiction of the offense and of the defendant; that it imposed a sentence in conformity with the statute, and, if that court erred in the qualifications of relator for an indeterminaate sentence, it is not the office of habeas corpus to cure such errors but that of the trial court or, on its refusal, of the supreme court on proceedings in error; and that these proceedings constitute a collateral attack on the judgment of the trial court and so are not maintainable.

The writ of habeas corpus cannot be used as a substitute for a writ of error. It is the general rule that, where the trial court has jurisdiction of the offense and of the person of the defendant and power to render the particular judgment or sentence in proper cases, habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable. 29 C. J. 51, sec. 46. In a recent habeas corpus case, where the trial court sentenced a defendant for from three to twenty years, when the statute under which he was convicted provided for punishment of one to ten years, we held that the fixing of the sentence at more than ten years was erroneous, but did not render the judgment void; that such error could and would have been corrected

by proper error proceedings; and that habeas corpus would not lie in such instance. *McElhaney v. Fenton, ante,* p. 299. In that case we quoted *In re Fenton,* 55 Neb. 703, to the effect that—"On an application for a writ of habeas corpus, errors or irregularities in the criminal trial, not jurisdictional, will not be considered." In *Michaelson v. Beemer,* 72 Neb. 761, it was held that—"The writ of habeas corpus cannot operate as a proceeding in error. * * * To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity." This was cited and followed in *In re Application of Cole,* 103 Neb. 802, and the refusal of the district court to discharge the prisoner was affirmed. Examining the facts in the light of the foregoing principles, we find it admitted that the court had jurisdiction of the grand larceny case and of the person of the defendant, that the defendant pleaded guilty, and the mittimus, in that case, attached to the respondent's return in this, shows that the court sentenced the defendant to the penitentiary for a period of not less than three years nor more than seven years. The record imports verity and indicates jurisdiction and freedom from errors on the face of it. There has been shown on the hearing of this case no error or lack of jurisdiction in the original criminal action, unless (1) it be considered proper to impeach the record of that case by oral testimony that the defendant was not a first offender, and unless (2) the imposition of the indeterminate sentence of three to seven years is in legal effect equivalent to a flat sentence of the minimum imposed.

The relator was permitted by the trial court in this habeas corpus case to testify, over the objections of the respondent, that the judge who sentenced him said certain things to him from the bench before sentencing him indicating that the judge knew that he had been in the penitentiary before and therefore was not eligible as a first offender to an indeterminate sentence. It was improper to receive this evidence. The sentence was the final judgment and record of the court, and the record of the court

acting within its legitimate powers must be considered as speaking the truth and as conclusive until it has been in some way set aside or vacated. No evidence can be received collaterally to contradict it. Habeas corpus is a collateral, and not a direct, proceeding, when regarded as a means of attack upon the judgment, and so long as the judgment is regular upon its face and was given in an action of which the court had jurisdiction, no extrinsic evidence is admissible here to show its invalidity. *Ex parte Stephen,* 114 Cal. 278.

Section 10248, heretofore quoted, expressly gives the trial court the power to fix the minimum and the maximum within the minimum and maximum found in the statute on which the prosecution is based. The defendant convicted of grand larceny was eligible to a sentence of one to seven years. When the judge pronounced a sentence not in conflict with the statute and made a record of it, his jurisdiction ceased, save for the correction of errors. Thereupon, if the record was regular and no proceedings in error were taken, the last words of the indeterminate sentence law charted the course to be followed if the prisoner was to be released before the expiration of the maximum number of years stated in the sentence fixed by the court. The last sentence of section 10248 reads thus: "The release of any person sentenced to an indeterminate sentence is to be determined as hereinafter provided." The legislature has provided, in the same chapter, a board of pardons and paroles, and following the indeterminate sentence section it has provided for the parole of persons generally under rules and regulations to be established by the board. It is significant that the statute (section 10251) provides that—"No such parole shall be granted in any case unless the minimum term fixed by law for the offense has expired." This expression negatives any idea that a prisoner's sentence is the minimum pronounced by the court or expressed in the law, but affirms the conclusion that in all indeterminate sentences the maximum named defines the period of confinement unless reduced by clemency of the board of pardons,

and paroles under the law and under rules established, not in conflict with the law.

In the state of the record as shown by the application for the writ and the return made by the respondent, we are clearly of the opinion that the court erred in entertaining the application, in admitting oral testimony to impeach the judgment and sentence of the Lincoln county district court, in finding for the relator and in discharging him from the custody of the warden. This leaves for consideration but two things: First, the refusal of the court to require his order discharging the relator to be subject to the relator giving bail; second, what is the present status of the thus discharged relator under his sentence which we have held was effective until changed by proper error proceedings? In other words, as he should have been left in custody of the warden, should he now be remanded to that custody from which he was erroneously freed?

In the present case it may not be so vital whether the relator should have been held or whether he be apprehended and be required to continue to serve the sentence lawfully imposed until and unless discharged as provided by law; for this particular individual has already, with good time off as allowed by law, served the minimum time contemplated by the court pronouncing his sentence. But, as the criminal laws should be administered without favor and as a rule of conduct of future cases where an erroneous release may be fraught with more serious consequences and some vicious criminal convicted of a heinous crime might go unwhipped of justice, we deem it advisable to consider and lay down a proper rule to guide and control in this as well as in such cases as may hereafter arise. It would be a strange weakness of the law if it were possible for us to say, as we have in effect said in this case, that the trial court erred in releasing a convict from the custody of the law, and yet to·be compelled to admit that the law was powerless to make effective correction of that error.

Section 10281, Comp. St. 1922, under the title "Habeas Corpus," says: "In case the person or persons applying

for such writ shall be confined or detained in a legal manner, on a charge of having committed any crime or offense, the said judge shall, at his discretion, commit, discharge or let to bail such person or persons, and if the said judge shall deem the offense bailable, on the principles of law, he shall cause the person charged as aforesaid to enter into recognizance, with one or more sufficient sureties, in such sum as the judge shall think reasonable, the circumstances of the prisoner and the nature of the offense charged considered, conditioned for his appearance at the next court where the offense is cognizable."

Counsel for the respondent made timely application that bail be required from the prisoner under the provisions of this section and the court refused it. The case was clearly one, as we have seen, where it was an " offense bailable, on the principles of law," as described in the statute. Moreover, at the same time, the court had notice that his judgment was to be taken up for review, "the prisoner still being in the courtroom and under the control and jurisdiction of the court" when the application was made. The only way in which the refusal of the court can be sustained in the circumstances and facts of this case is to say that his discretion was absolute. But we think it is not so. We are of the opinion that the legislature in the use of this word intended to clothe the court with the use of a reasonable "discretion." To say that the decision of the court not to admit the prisoner to bail, because his was not an "offense bailable, on the principles of law," as the quality of discretion usable is limited in the statute, was proper exercise of discretion as contemplated by the legislature is, we are of the opinion, going to a length that we cannot indorse. We think the prisoner should have been required to give bail pending the contemplated review in this court, and that the trial court erred in discharging the prisoner unconditionally.

Under the order of the district court the prisoner discharged under the habeas corpus proceedings is now at large. By force of this opinion his application under the

Hulbert v. Fenton.

writ should have been denied and he should have been re-
manded to prison.  And, even if the writ had been granted,
as it was, he should have been required to give bail to abide
the decision here.  Because the trial court erred in releas-
ing him and, failing in that respect, also erred in not re-
quiring him to give bail to respond to the judgment of this
court on review, can it be said that this court is impotent to
order him back to prison where by the course of law and ac-
cording to its principles he would have remained but for the
erroneous result of his habeas corpus action in the district
court?  It seems to us that the discussion already had pro-
vides a sufficient answer in the negative to that question.
But we are not without a precedent in our own court.  "A
prisoner set at liberty by habeas corpus may, upon reversal
of the order by an appellate court, be remanded to the cus-
tody from which he was freed."  *State v. Shrader,* 73 Neb.
618.  There the writ of habeas corpus was sued out in the
county court.  It was based on an attack on the complaint
for variance.  On hearing the defendant was discharged
and freed from custody of the sheriff.  The sheriff prose-
cuted error to the district court, which reversed the county
court and ordered the defendant remanded to the custody
of the sheriff.  The defendant prosecuted error in the
habeas corpus proceeding to this court with the result in-
dicated.  On principle we approve this precedent and apply
it to this case.

For the reasons given, the judgment of the district court
is reversed, with directions to enter an order refusing a
discharge of the relator and remanding the relator to the
custody of the respondent.  And the respondent is hereby
directed to recapture the prisoner and to continue to hold
him under the mittimus by virtue of which he held him
when deprived of his custody by order of the court.

REVERSED.