IN RE JAMES CARBINO.
SARAHA FANCUILIO, APPELLANT, V. WILLIAM T. FENTON, APPELLEE.

FILED JUNE 1, 1928. No. 25909.

*North & O'Reilly*, for appellant.

*O. S. Spillman,* Attorney General, and *George W. Ayres,* contra.

Heard before ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOOD, J.

This is a proceeding in habeas corpus on behalf of James Carbino against the warden of the state penitentiary, to determine whether Carbino is unlawfully restrained of his liberty by the respondent. An appeal has been prosecuted from a judgment denying the writ and dismissing the proceeding.

From the petition and the return of the respondent, it appears that Carbino was convicted of murder in the first degree in the district court for Douglas county, and sentenced to imprisonment in the state penitentiary for the term of his natural life. The demand for the relief is grounded upon the contentions that Carbino, at the time of the commission of the offense charged and for a long time prior thereto and ever since, was and has been insane; that because of his insane condition he was incapable of committing any offense, and by reason thereof he was incapable of presenting and did not present the defense of insanity in his trial for murder; that therefore the judgment of the district court is void, and that defendant is unlawfully deprived of his liberty.

In this jurisdiction insanity is recognized as a defense in a criminal action, if it appears that at the time of the commission of the offense the defendant does not know right from wrong with respect to the particular act. If, as contended, Carbino was, at the time of the commission of the offense, insane, that was a matter which could and should have been presented in his defense on his trial for murder. Incidentally, it may be remarked that Carbino was represented in his trial by counsel, and no complaint is made that he was not properly represented by them. It is at least strange that neither the court, nor the jury, nor

any of Carbino's relatives, nor his counsel would discover the fact, if Carbino was so insane as not to be legally responsible for his action. The record in the instant case indicates that Carbino was not insane. We deem it unnecessary, however, to determine the question of whether or not he was, in fact, insane.

It is a general rule that habeas corpus will not lie to discharge one from a sentence of penal servitude, if the court imposing the sentence had jurisdiction of the offense and of the person of the defendant, and the sentence was within the power of the court to impose. In such case, the judgment is not void.

In *Hulbert v. Fenton*, 115 Neb. 818, it was held: "The writ of habeas corpus cannot be used as a substitute for proceedings in error." In *Michaelson v. Beemer*, 72 Neb. 761, this court held: "To obtain release by such a proceeding, the judgment or sentence must be more than merely erroneous; it must be an absolute nullity." And in the *Hulbert* case it was further held: "Where the trial court has jurisdiction of the offense and of the person of the defendant and has power to render the particular judgment or sentence in a proper case, habeas corpus will not lie upon the ground of mere irregularities in the judgment or sentence." Similar holdings have been made by this court in *In re Fanton*, 55 Neb. 703, and in *McElhaney v. Fenton*, 115 Neb. 299.

The record clearly discloses that the district court for Douglas county had jurisdiction of the person of Carbino and had jurisdiction of the offense, and that the sentence imposed was within the power of the court under the statutes.

The record appears to be free from prejudicial error, and the judgment is

AFFIRMED.