LEON DARLING, APPELLEE, V. WILLIAM T. FENTON, WARDEN, APPELLANT.

FILED MARCH 20, 1931. No. 27785.

*C. A. Sorensen, Attorney General,* and *George W. Ayres,* for appellant.

*John Adams, Jr., contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

The defendant Leon Darling was charged and convicted, in the district court for Lincoln county, of having committed murder in the first degree and, upon his plea of guilty, he was sentenced by the trial judge to serve a term of 99 years in the penitentiary. He has filed this application for a writ of habeas corpus to obtain release from the penitentiary, where he has been confined ever since March 24, 1920. As grounds for his release, the defendant contends, first, that his plea of guilty was induced by fear of mob violence at the time of his arrest, and, second, that he was denied a jury trial.

From an order of the district court granting the writ and remanding the defendant to Lincoln county for further

proceedings, the state has appealed. And the defendant has filed a cross-appeal from that part of the judgment which remanded him to Lincoln county.

The record discloses the following pertinent facts. Defendant was arrested in September, 1919, and held in jail at North Platte for a short time. From thence he was removed to the Hall county jail because of threatened mob violence. Subsequently he was again removed from Hall county for the same reason. Soon after his arrival in Lincoln county, the defendant pleaded guilty to the charges which were there filed against him, and the court thereupon sentenced him, as above noted, to serve a term of 99 years in the penitentiary.

In view of the salient facts and the law applicable thereto, it appears to us that the court erred in ordering the defendant released from the penitentiary and in remanding him to Lincoln county for further proceedings. We have held:

"The writ of habeas corpus is not a corrective remedy, and is never allowed as a substitute for appeal or writ of error." *State v. Crinklaw,* 40 Neb. 759. And, in a comparatively recent case, we said:

"If the proceedings subsequent to conviction are erroneous, such errors can be reviewed and corrected by proceedings in error in the regular course of the law, but not by the writ of habeas corpus." *In re Application of Cole,* 103 Neb. 802.

And likewise, in *Fuller v. Fenton,* 104 Neb. 358, citing *McCarty v. Hopkins,* 61 Neb. 550, we held that the regularity of proceedings leading up to the sentence of a defendant cannot be inquired into on an application for a writ of habeas corpus, but that if the court was clearly clothed with jurisdiction the action of the court in such case can be properly assailed only in a direct proceeding. An accepted rule appears to be that the writ of habeas corpus may be applied "to determine the question of the jurisdiction and lawful power of the custodian to hold petitioner in custody; it is not available as a substitute for an appeal or writ of error or other revisory remedy for the

correction of errors either of law or fact, at least, not in the absence of exceptional circumstances." 29 C. J. 25.

In *Ex parte Tanner,* 219 Ala. 7, where the trial judge personally fixed a term of punishment, it was held that such action on the part of the judge was contrary to the statute requiring the jury to fix the punishment, but that it did not render the judgment void, and the defendant was not entitled to release on habeas corpus proceedings instituted therefor. And, in *Ex parte Pelinski,* 213 S. W. (Mo.) 809, it was held that the writ of habeas corpus will not issue when issuance thereof would be futile, or where it is obvious that "upon a final hearing the petitioner must be remanded to custody." *In re Boardman,* 169 U. S. 39; *Ex parte Shaw,* 7 Ohio St. 81; *In re Allen,* 91 Ohio St. 315. "A judgment of conviction by the circuit court, upon a plea of guilty, of murder in the first degree, and the fixing of punishment, without the intervention of a jury, are erroneous, but not void, and cannot be attacked collaterally on habeas corpus." *Lowery v. Howard,* 103 Ind. 440. See *In re Voight,* 130 Wash. 140.

The defendant cites *Wilson v. State,* 117 Neb. 692, but we do not think the case is applicable to the facts in the present case. In the *Wilson* case, defendant was sentenced by the trial judge without a jury and, upon proceedings in error, was granted a trial to a jury. In the present case, however, the defendant, upon his plea of guilty to the charge of first degree murder, was sentenced by the trial judge to serve a term of 99 years in the penitentiary, and, after having served more than 10 years of such sentence, the defendant seeks to obtain his release on the grounds, first, that his plea of guilty was induced by fear of mob violence, and, second, that he did not have a jury trial. Under such circumstances, we do not think that habeas corpus is the proper procedure.

The order of the district court granting the writ and remanding the defendant to Lincoln county for further proceedings must be and it hereby is

REVERSED.