In re Application of William Maher for Writ of
Habeas Corpus.
Grenville P. North, Petitioner, appellant, v. William
H. Dorrance et al., Appellees.

13 N. W. 2d 653

Filed March 17, 1944.    No. 31659.

*Grenville P. North, pro se.*

*Kelso Morgan* and *Clinton Brome,* contra.

Heard before Simmons, C. J., Paine, Carter, Messmore,
Yeager, Chappell and Wenke, JJ.

Wenke, J.

William Maher, as applicant, brought this action in the
district court for Douglas county by Grenville P. North, as
petitioner, and against William H. Dorrance, sheriff of
Douglas county, and Emil Stahmer, keeper of the county
jail of Douglas county, as respondents, to obtain his dis-
charge by habeas corpus. From an order denying the ap-
plication and overruling of the motions for new trial of the
applicant and petitioner, the applicant, William Maher, has
appealed. Maher will be referred to as the applicant.

The action was heard in the district court upon the appli-
cant's amended petition. The matters therein set forth, by
which the applicant claims he is being unlawfully restrained
and imprisoned, arise out of the defendant's conviction and
sentence for arson in the fourth degree in the case of State
v. Maher. That case has been brought to this court by the
applicant by error proceedings and is No. 31647. A careful
study of the allegations of the amended petition and the er-
rors assigned in applicant's brief show that all of the ques-

tions therein raised were also raised by the applicant's petition in error and brief in case No. 31647, *Maher v. State,* and therein determined.

" 'Habeas corpus is a collateral, not a direct, proceeding, when regarded as a means of attack upon a judgment sentencing a defendant.' *Hulbert v. Fenton,* 115 Neb. 818, 215 N. W. 104." *Davis v. O'Grady,* 137 Neb. 708, 291 N. W. 82. It cannot be used as a substitute for a writ of error. *Hulbert v. Fenton, supra.* It cannot be resorted to for the purpose of correcting errors of the trial court rendering the judgment which is challenged in such proceedings. *In re Application of Walker,* 61 Neb. 803, 86 N. W. 510. "The judgment or sentence of a court of record in a criminal case is thus supported by the usual presumptions of validity and regularity when thus attacked. To obtain release from a sentence of imprisonment by habeas corpus, such sentence must be absolutely void. *Hulbert v. Fenton, supra; Michaelson v. Beemer,* 72 Neb. 761, 101 N. W. 1007; *In re Carbino,* 117 Neb. 107, 219 N. W. 846." *Davis v. O'Grady, supra.*

However, as stated in *In re Resler,* 115 Neb. 335, 212 N. W. 765: "It is firmly established that if a court or a judge thereof which renders a judgment, or who enters an order, has not jurisdiction to perform the act done, either because the proceeding or the law under which it is taken is unconstitutional, or for any other reason the judgment is void, it may be questioned collaterally, and a defendant who is imprisoned under and by virtue of it may be discharged. *In re Havlik,* 45 Neb. 747; *In re Application of McMonies,* 75 Neb. 702; *In re Vogland,* 48 Neb. 37."

Under these holdings some of the questions raised by applicant's amended petition were not proper in this proceeding, while others, such as the constitutionality of the act, under which he was convicted, could be properly raised. However, it will not be necessary to separate and distinguish them for they have all been considered and determined adversely to the applicant in the case of *Maher v. State, ante,* p. 463, 13 N. W. 2d 641.

Therefore, the judgment of the lower court is affirmed.

AFFIRMED.