IN RE APPLICATION OF MERNA CARPER FOR A WRIT OF HABEAS CORPUS.
RUDOLPH TESAR, PETITIONER, APPELLANT, V. HATTIE BOWLEY ET AL., APPELLEES.

14 N. W. 2d 225

FILED APRIL 21, 1944. No. 31723.

*Fitzgerald, Tesar & Welch,* for appellant.

*Maynard M. Grosshans, Walter R. Johnson, Attorney General, and Carl H. Peterson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

An application for a writ of habeas corpus was brought in the district court by her attorney in behalf of Merna Carper, hereinafter referred to as the applicant, containing allegations: That the applicant was denied her constitutional rights under the provisions of the federal and state Constitutions; further that she was induced, through fraud and coercion by police officers, to enter a plea of guilty to breaking and entering; that she was denied counsel and the services of the public defender. The return and answer to the writ denied applicant had been deprived of her constitutional and statutory rights, as she claimed; alleged that she was lawfully detained in the women's reformatory. On these issues joined hearing was had, the writ denied, and applicant appeals.

The record discloses that the applicant, her husband and a friend were arrested almost immediately after the husband had broken into and entered a drug store, to steal some narcotics, for the use of the three; the applicant was standing on the sidewalk near the store. After her arrest she denied having any part or assisting in the commission of the crime. At the police station she informed the inspector of detectives and the deputy county attorney that she was not guilty and was without funds with which to procure counsel and desired counsel. Applicant also testified that the police officers had been abusive to her and, by fraud and coercion, sought to induce her to plead guilty to the crime charged, stating that if she failed to do so an habitual criminal charge would be placed against her.

We are cognizant of the rights of the accused in criminal prosecutions, as set forth in articles V and VI, Amendments to the Constitution of the United States, and likewise section 11, art. I of the Constitution of Nebraska, and the due process clause appearing in section 3, art. I of the Nebraska Constitution. There is no contention that the court lacked jurisdiction to receive the plea of guilty entered by the applicant (defendant) to the crime charged.

From the testimony of the deputy county attorney it is clear that the applicant was informed of her constitutional and statutory rights before entering any plea in the district court. She admitted that she had a conversation with the deputy county attorney and was informed of her rights, and it is apparent, from her previous criminal record, that she was familiar in some degree with her constitutional and statutory right to have counsel represent her if she so desired. On at least two previous occasions she had experience in entering a plea of guilty to forgery in the United States district court, in the district court of the state, and at the time of her arrest there was a forgery charge pending against her.

In *McCarty v. Hopkins*, 61 Neb. 550, 85 N. W. 540, where the defendant entered a plea of not guilty, later changed it to guilty, and then filed a petition for a writ of habeas corpus, challenging the jurisdiction of the trial court, this court said: "The right of an accused person to be tried by a jury drawn from the county or district in which the prosecution was initiated, is a mere personal privilege and, like the other rights conferred by section 11, article I of the constitution, may be waived. Even the right to a trial, anywhere or under any conditions, may be waived, and in practice is waived when the accused makes a judicial confession of his guilt. When no issue is raised; when the prisoner pleads guilty to the information or indictment, there is nothing to try; the right to a jury is waived and with it, of course, the constitutional guaranties with respect to the conduct of criminal prosecutions. The defendant in a criminal case is entitled to defend by counsel, to have a copy of

the accusation, to meet the witnesses against him face to face, to have process to compel the attendance of witnesses in his behalf and to speedy public trial by an impartial jury composed of persons who are presumably acquainted with his good repute; but these rights are not inalienable; they were not conferred upon him from any consideration of public policy, and he may, therefore, insist upon them or abandon them at pleasure."

In the case of *Alexander v. O'Grady*, 137 Neb. 645, 290 N. W. 718, in the opinion the court said:

"As to the failure of the trial court to provide relator with the services of an attorney, the rule appears to be, viz.:

" 'The constitutional right of accused to have the assistance of counsel may be waived, and a waiver will be implied where accused, being without counsel, fails to demand that counsel be assigned him.' 16 C. J. 821." So, also, this court is committed to the view that a person charged with a crime may, by a judicial confession of guilt, waive all rights secured to him by section 11, art. I of the Constitution. See *McCarty v. Hopkins, supra.*

We are cognizant of the provisions of section 29-1803, Comp. St. Supp. 1941, with reference to the public defender's office and duties imposed. From all the circumstances and evidence, it is obvious that the applicant did not seek to avail herself of such service. Her contention that the public defender's office neglected its duty as to her is wholly without merit.

The applicant in this case resorted to a writ of habeas corpus and seeks thereby to question the validity of her sentence, which would properly arise under a writ of error. This court is committed to the view: Habeas corpus is a collateral, and not a direct, proceeding, when regarded as a means of attack upon a judgment sentencing a defendant; it cannot be used as a substitute for a writ of error. *Hulbert v. Fenton*, 115 Neb. 818, 215 N. W. 104; *In re Application of Maher, North v. Dorrance, ante*, p. 484, 13 N. W. 2d 653. See, also, *In re Application of Niklaus, Niklaus v. Holloway, ante*, p. 503, 13 N. W. 2d 655.

When charged with the crime the applicant (defendant) in the first instance entered a plea of not guilty, later entered a plea of guilty, and then, after sentence was pronounced, sought, by motion, to again change her plea to not guilty and procure counsel. She evidently felt that the sentence was too heavy for her participation in the crime charged.

Section 28-201, Comp. St. 1929, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

Applicant was fully informed that her participation in the offense charged, as related by her, would be treated as the cited section of the statute provides. The fact that she testified she was subordinated to the desires and wishes of her husband, was groggy from taking amytal pills and whisky, does not constitute a legitimate excuse for her action.

Viewing the record and all of the facts and circumstances detailed therein, we are led inescapably to the conclusion that the applicant knew she was entitled to a trial; that counsel would be furnished if she desired, and that she could waive trial, services of counsel, and plead guilty. The trial judge who sentenced her recognized such fact, as well as the trial judge who heard the habeas corpus proceedings. The record is insufficient to establish that fraud, coercion, duress or force was used by any of the officers connected with the applicant's arrest, or by any of those who accompanied her to and from court.

We conclude that the trial court did not err in denying the writ of habeas corpus.

AFFIRMED.