EMMERT A. TRUMAN, APPELLANT, V. HERBERT H. HANN, WARDEN OF NEBRASKA STATE PENITENTIARY, APPELLEE.

48 N. W. 2d 418

Filed June 22, 1951.   No. 33018.

*Emmert A. Truman,* pro se.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Emmert A. Truman filed this action in the district court for Lancaster County against Herbert H. Hann as Warden of the Nebraska State Penitentiary. The purpose thereof is to obtain the issuance of a writ of habeas corpus in order to have determined whether or not petitioner is being unlawfully held in the penitentiary.

The district court found that the petition failed to allege facts sufficient to state grounds for the issuance of a writ. It therefore denied the request and dismissed the action. Petitioner thereupon filed a motion asking the court to reconsider his petition and from the overruling thereof took this appeal.

For convenience in writing this opinion we shall refer to Emmert A. Truman as the petitioner.

Petitioner was sentenced and committed to the Nebraska State Penitentiary for a period of six years pursuant to his conviction by the district court for Lancaster County of the crime of rape. His conviction and sentence were, on error proceedings to this court, affirmed. See Truman v. State, 153 Neb. 247, 44 N. W. 2d 317. Petitioner is being held in the penitentiary pursuant to this commitment.

"In a petition for a writ of habeas corpus, if relator sets forth facts which, if true, would entitle him to discharge, then the writ is a matter of right and relator should be produced and a hearing held thereon to determine questions of fact presented, but if relator shows by the facts alleged in his petition for the writ that he is not entitled to relief, then the writ should be denied." In re Application of Dunn, 150 Neb. 669, 35 N. W. 2d 673.

As a basis for requesting that the writ be issued the petitioner alleged as follows:

"He was arrested in Osage County Oklahoma Jan. 9, 1950 for contributing to juvenile delinquency, in the instant case, and for another charge, removing mortgaged property, which was without evidence, and was dismissed. The arresting officer had no warrant for his arrest. Your petitioner waived extradition from Oklahoma on the aforementioned charge of contributing to juvenile delinquency, and removing mortgaged property. After being returned to Nebraska your petitioner was not permitted to obtain or talk to an attorney in his defense, prior to his appearance before Judge Fisher Jan. 13, 1950 for contributing to juvenile delinquency. Upon telling Judge Fisher he wished to consult an attorney your petitioner was told, if he entered a plea of not guilty he could change his plea to guilty, after consulting an attorney, if he so wished. However; after entering a plea of not guilty he was returned to jail and not permit-

ted to change his plea to guilty, on contributing to juvenile delinquency, but, was held several days, then told by a county official, that if he would sign a statement he would be allowed to change plea. After signing the said statement on or about Jan. 24, 1950 he was returned to jail and held several more days, then was charged with Statutory Rape. The contributing charge was dropped, as was the removing mortgaged property charge, thus by so doing, the state did not allow him due process of the law. The state obtained legal custody of your petitioner through false, and unlawful pretenses, the arresting officer had no authority to arrest your petitioner, because he had no warrant. Your petitioner was returned to Nebraska on a lesser charge, in the instant case than the one he was tried and convicted on. Your petitioner was induced to sign a statement, which was used as evidence to obtain a conviction on Statutory Rape, which said charge was not filed until the state had obtained the aforementioned statement, through false pretenses and deception.

"The county attorney's office with-held a statement given by the prosecutrix Jan. 13, 1950, which completely exhonerated (exonerated) your petitioner of Statutory Rape.

"The state refused to subpoena some witnesses ordered by and essential to the defense of your petitioner, however, he was not told, prior to the time he was called to testify, that he would not be allowed these witnesses.

"Your petitioner further alleges, because of contradictory evidence and testimony there was insufficient evidence to establish any substantial basis for the claim of 'previous chastity' made by the prosecutrix, at the trial for the said cause.

"Your petitioner further alleges, the court violated his rights by recessing and allowing the jury to retire to their respective homes or associate with the public, after all evidence both for and against him had been submitted. The jury should have been instructed forth-

with and ordered to reach a verdict, before being allowed to disband and talk to anyone outside the court.

"Your petitioner further alleges, the court erred in not properly instructing the jury, before ordering them to retire and reach a verdict, they were not instructed, that, they could recommend leniency, or, that the minimum sentence, for the said offense, was three years.

"Your petitioner further alleges, since his conviction, he has learned a witness for the defense, with-held evidence in his favor, because, said witness had been threatened with prosecution if the said witness did not cooperate fully with the state.

"Your petitioner further alleges, because of incompetant (incompetent) or uninterested representation by court appointed attorneys, his motion for a new trial and his timely appeal to the Nebraska Supreme Court failed to obtain a new trial, he further alleges he has obtained new information, bearing directly on the previous chastity of the prosecutrix and other issuable material facts."

Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment sentencing a defendant and cannot be used as a substitute for a writ of error. In re Havlik, 45 Neb. 747, 64 N. W. 234; Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007; Hulbert v. Fenton, 115 Neb. 818, 215 N. W. 104; In re Carbino, 117 Neb. 107, 219 N. W. 846; Alexander v. O'Grady, 137 Neb. 645, 290 N. W. 718; Hawk v. Olson, 146 Neb. 875, 22 N. W. 2d 136; Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932; In re Application of Bruno, 153 Neb. 445, 45 N. W. 2d 178.

In order to release a person from a sentence of imprisonment by habeas corpus it must appear that the sentence was absolutely void. It will not lie to discharge a person from a sentence of penal servitude when the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant,

and the sentence was within the power of the court to impose. See Hulbert v. Fenton, *supra;* In re Carbino, *supra;* Alexander v. O'Grady, *supra;* Hawk v. Olson, *supra;* Jackson v. Olson, *supra;* In re Application of Dunn, *supra.*

"The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus. If the court had jurisdiction of the defendant and the authority to try the charge against him, its action can be assailed only in a direct proceeding." In re Application of Carper, 144 Neb. 623, 14 N. W. 2d 225. See, also, Hawk v. Olson, *supra;* Jackson v. Olson, *supra.*

"A constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." Hawk v. Olson, *supra.* See, also, Jackson v. Olson, *supra.*

Applying these principles to the facts pleaded we find the trial court was correct in refusing to issue the writ.

AFFIRMED.