IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

AGEE V. SABATKA-RINE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TIMOTHY E. AGEE, APPELLANT,
V.
DIANE SABATKA-RINE, WARDEN OF THE NEBRASKA
STATE PENITENTIARY, APPELLEE.

Filed May 21, 2013.    No. A-12-512.

SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Supplemental opinion: Former opinion modified. Motion for rehearing overruled.

Timothy E. Agee, pro se.

No appearance for appellee.

INBODY, Chief Judge, and SIEVERS and RIEDMANN, Judges.

PER CURIAM.

Case No. A-12-512 is before this court on the motion for rehearing filed by Timothy E. Agee, the appellant, regarding our unpublished opinion, *Agee v. Sabatka-Rine*, No. A-12-512, 2013 WL 150126 (Neb. App. Jan. 15, 2013) (selected for posting to court Web site). We overrule the motion, but for purposes of clarification, we modify the opinion as follows:

That portion of the opinion designated "Failure to Plead Sufficient Elements," in the analysis section, is withdrawn, and the following language is substituted in its place:

> Agee's second argument in support of his petition for habeas corpus was that the State did not charge all of the elements required to convict Agee as a habitual offender in its information in contravention of § 29-2221(2).

- 1 -

This argument is not the proper subject of a habeas corpus action. "'The writ of habeas corpus is not a corrective remedy, and is never allowed as a substitute for appeal or writ of error.'" *Darling v. Fenton*, 120 Neb. 829, 830, 235 N.W. 582, 583 (1931) (quoting *State v. Crinklaw*, 40 Neb. 759, 59 N.W. 370 (1894)). In *Von Bokelman v. Sigler*, 175 Neb. 305, 306, 121 N.W.2d 572, 574 (1963), a petitioner alleged that he was "unlawfully imprisoned in the State Penitentiary on a void sentence." In that action, the trial court noted: "'Habeas corpus is a collateral, and not a direct, proceeding, when regarded as a means of attack upon a judgment sentencing a defendant; and when the judgment is regular upon its face and was given in an action in which the court had jurisdiction of the offense and of the person of the defendant, no extrinsic evidence is admissible in a habeas corpus proceeding to show its invalidity.'" *Id.* at 308, 121 N.W.2d at 575 (quoting *Hulbert v. Fenton*, 115 Neb. 818, 215 N.W. 104 (1927)). Habeas corpus is not a substitute for failing to properly challenge a sentencing error on direct appeal or postconviction. See *id.* Rather, a habeas corpus action will not lie if the sentence was within the power of the court to impose. See *id.* Accordingly, a sentence must appear completely void in order to support issuing a writ of habeas corpus. See *id.*

The Nebraska Supreme Court has previously held that an enhanced sentence under the provisions of the habitual criminal laws is not a new jeopardy or additional penalty for the same crime. *State v. Pieper*, 274 Neb. 768, 743 N.W.2d 360 (2008). Rather, the enhanced sentence is simply a stiffened penalty for a crime which is considered to be an aggravated offense because it is a repetitive one. *Id.* If a trial court has jurisdiction over the crime charged, it also has jurisdiction over the enhancement proceeding. In the present action, Agee does not challenge the court's jurisdiction over the crime charged, and such jurisdiction was proper. Therefore, the trial court also had jurisdiction over the enhancement proceeding. To challenge the enhanced sentence, Agee was required to file a direct appeal. It cannot be attacked in a collateral habeas corpus action.

This modification does not affect our conclusion that Agee's claim under § 29-2221(1) was not a proper subject for a habeas corpus action. The trial court's opinion in this case is affirmed in all respects, and the rest of our opinion remains unmodified.

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.