OF THE

## STATE OF MICHIGAN.

OCTOBER TERM, 1857.

PRESENT:

HON. SANFORD M. GREEN,
HON. B. F. H. WITHERELL,
HON. JOSIAH TURNER,
HON. BENJAMIN F. GRAVES, }JUDGES.
HON. E. H. C. WILLSON,
HON. EDWIN LAWRENCE,

---

## THE PEOPLE vs. CHARLES TRYON.

An indictment against an attorney, for collecting and receiving in the capacity of attorney at law, money belonging to the prosecutor, and neglecting to pay the same to him, after demanded, etc.; but not distinctly averring that the relation of attorney and client existed between the defendant and prosecutor, held insufficient.

Error to Wayne Circuit.

The defendant was indicted by the grand jury of said County of Wayne, at the May term of said Court, A. D. 1856,

for refusing to pay over money alleged to have been collected by him as an attorney at law; he demurred to said indictment, and the demurrer was overruled; he then plead not guilty—was tried, and convicted. He then made a motion in arrest of judgment, which was overruled, and was sentenced by the Court. And from the judgment of the Court, sued out this writ of error.

The indictment was in the words and figures following:

"*Wayne County, ss.*

The grand jurors of the People of the State of Michigan, inquiring in and for the body of the county aforesaid, upon their oath present, that Charles Tryon, an attorney at law, of the county aforesaid, on the first day of May, in the year of our Lord one thousand eight hundred and fifty-five, at Detroit, in the county aforesaid, and within the jurisdiction of this Court, did collect and receive the sum of five hundred dollars, belonging to Mrs. Malvina L. Baker, of the City of Cincinnati, in the State of Ohio, which said sum the said Charles Tryon so collected and received in the capacity of an attorney at law, for, and in behalf of, and in the name of said Malvina L. Baker, and that the said Charles Tryon should have paid over said money for, and in behalf of said Malvina L. Baker. But that said Tryon, from the said first day of May, until the day of the taking of this inquisition, hath neglected to pay the same, or any part thereof, although the said sum has by the said Malvina L. Baker, on the day aforesaid, and at divers other times between that day and the day of the taking of this inquisition, been duly demanded of and from the said Charles Tryon, nevertheless the said Charles Tryon hath so as aforesaid, neglected so to pay the said sum."

*Burt & Maynard*, for defendant.

The indictment does not legally set forth, that the relation of attorney and client existed between defendant and prose-

cutrix, nor that the money received by the defendant, was so received by him in his official character of attorney at law.

It must appear affirmatively on the face of the indictment, that the money alleged to have been received by the defendant was so received in his official character of attorney at law. (*Matter of Dakin*, 4 *Hill, pp.* 42 *to* 46; *R. S. of Mich., p.* 666, § 30; *Sloan* vs. *Johnson*, 14 *Smedes & Marshall, p.* 47; *Case of Levi S. Burr*, 3 *Wheeler's Crim. Cases, p.* 513.)

The indictment does not specify, state, or in any way set forth or show, of what Court, State or place the defendant is an attorney at law. The indictment ought to show that the defendant was an attorney at law of the Court in which the indictment was found. (*Ex parte Ketchum*, 4 *Hill's R., pp.* 564 *to* 566.)

*J. M. Howard,* for the People.

The cause was decided orally.

The Court, holding that the indictment did not sufficiently aver that the relation of attorney and client existed between the prosecutrix and defendant, reversed the judgment of the Court below, and ordered judgment accordingly.