## FARMERS & MERCHANTS BANK v. BERCHARD, BRIDGE & CO.

[FILED SEPTEMBER 16, 1891.]

Continuance: AFFIDAVITS of parties to actions for the continuance of the trial for the production of the testimony of absent and distant witnesses, must allege facts and circumstances to be given in evidence from which legal conclusions, constituting a cause of action or defense, may be drawn.

52

ERROR to the district court for Sheridan county. Tried below before KINKAID, J.

*Thomas L. Redlon,* for plaintiff in error, cited: *Wood River Bank v. Kelly,* 29 Neb., 590; *Freeman v. Auld,* 44 N. Y., 50; Bigelow, Estoppel, 360, and cases; *Ranson v. Schmela,* 13 Neb., 77; *Baskins v. Shannon,* 3 N. Y., 310; *Wray v. Fedderke,* 43 Id., 335; Jones, Chat. Mtg. [2d Ed.], secs. 345, 346, 347; Maxwell, Pl. & Pr. [4th Ed.], 342, and note.

*Holmes & Hayes,* and *E. F. Companiott, contra,* cited: *Bonns v. Carter,* 20 Neb., 566.

COBB, CH. J.

This action was brought by the defendants in error in the county court to recover from the plaintiff in error the balance due on a promissory note and chattel mortgage for $1,006.70, by W. K. Jackson, a country merchant, in failing circumstances, at Hay Springs. By stipulation, the action was removed to the district court. On September 8, 1887, Jackson executed a first mortgage upon his goods to the Farmers & Merchants Bank of Hay Springs, (the plaintiffs in error,) for $866.15; and a second one to the same bank, for $2,207.10; a third to W. H. Westover, for $250; a fourth to Peter F. Carroll, for $745.60; and a fifth to the defendants in error for $1,006.70; upon the same property, subject to the four others, $5,075.55; but embracing certain books of account not covered by the others. This was temporarily left by Jackson with W. H. Westover, an attorney of that county, the defendants in error being absent. Upon the delivery of the mortgage to Westover he took possession of the goods and book accounts conveyed, and placed in charge one Frank Gordon, with copies of all the mortgages. On the following day the sheriff took possession, under an attachment of other

creditors, leaving Gordon as custodian for the sheriff. The plaintiff in error subsequently recovered possession by replevin against the sheriff, and the first four mortgages being foreclosed, the property was sold, the proceeds amounting to $3,637.79. Out of this sum the attaching creditors were paid.

The defendant in error, in maintaining his suit in the court below, alleged that the second mortgage of the plaintiff in error for $2,207.10, was fraudulent; that the bank had held their mortgage for collection, and while so holding it, received a sufficient sum from the sale of the mortgaged property to pay their claims in full, after paying all valid liens existing prior to their mortgage. To this was answered a general denial.

There was a trial to a jury with verdict for the plaintiff below for $782.60, with a special finding.

1. That the defendant became the agent of plaintiff for the collection of plaintiff's chattel mortgage, by accepting and taking into possession the mortgage of plaintiff for the purpose of collecting it.

2. That the chattel mortgage of Jackson to defendant for $2,207.10 was given by Jackson to defendent for the purpose of cheating and defrauding Jackson's creditors, or hindering or delaying them in the collection of their claims against him.

On this verdict the defendant's motion for a new trial was overruled, and judgment was entered December 12, 1889. Various errors are assigned for the reversal of the judgment.

1. That the verdict is contrary to law, and is not sustained by sufficient evidence.

2. In the court's instructions to the jury, and in submitting the second special finding to the jury.

3. In overruling the motion for continuance, on the affidavit of the president of the bank.

On the first assignment it is contended that as the plaint-

iff's mortgage was taken and accepted by them as subject to the other mortgages, they are thereby ratified as prior, valid, subsisting liens.

It is answered to this, and there is evidence tending to show, that the plaintiffs were mill owners, living 300 miles distant from the scene of the transactions; that their attorney and agent called at the bank of Hay Springs two or three days after the execution of these mortgages, was shown by the bank officers the books of account of Jackson conveyed to the plaintiffs by their mortgage, and was induced to then leave the books with their mortgage in the hands of the bank· for collection. Further evidence points significantly to the want of consideration in the second mortgage of the bank. The contrary was not attempted to be shown. Under either a fraudulent representation, or a concealment of this fact, the agreement of the parties, as an estoppel, would be broken when first the fraudulent character of the prior mortgage was discovered. (Bigelow on Estoppel, 491.)

In this view we find no error in the instructions of the court, nor do we find that the plaintiff in error objected on the trial to the second special finding being submitted to the jury. The special findings were the salient questions to be solved. They were the whole of the controversy. The first and second errors are therefore overruled.

As to the third error, we find that the affidavit of the president of the Hay Springs bank, on which the motion for continuance of the trial, for the introduction of the testimony of absent witnesses, was based, does not embody any fact or circumstance from which legal conclusions constituting a defense might be drawn. It is abstract and inconclusive as to material evidence, and the motion was therefore properly denied.

The judgment of the district court is

AFFIRMED.

THE other judges concur.