HOWARD W. ZINK V. STATE OF NEBRASKA.

[FILED FEBRUARY 17, 1892.]

1. **Attorneys**: EMBEZZLEMENT. In a prosecution under section
121 of the Criminal Code, for embezzlement as an attorney at
law, the fiduciary character of the accused, which is the dis-
tinguishing feature of the crime of embezzlement, should be
distinctly charged.

2. **Criminal Law**: INFORMATION: ACCUSED ENTITLED TO A
COPY. The right conferred upon the accused in a prosecution
for a felony by section 436 of the Criminal Code, to a copy of the
indictment or information, and one day to prepare for trial, is
a substantial right, to deny which is error.

3. ———: ———: AMENDMENT. When an information for a felony
is insufficient for want of a material averment, it is error for the
trial court to permit an amendment supplying such deficiency,
and require the accused, over his objection, to proceed with the
trial immediately, refusing him a copy of the amended infor-
mation, and the statutory time to plead thereto.

4. ———: ———: ———. Whether an information may be amended
without the consent of the accused by adding thereto material
allegations, without which it fails to charge a crime, not de-
termined.

ERROR to the district court for Lancaster county. Tried
below before HALL, J.

*Reese & Gilkeson*, and *S. H. Sornborger*, for plaintiff in
error, cited, as to the amendment: *Com. v. Foynes*, 126
Mass., 267; *State v. Squire*, 10 N. H., 558; *Mentor v. Peo-
ple*, 30 Mich., 91.

*Geo. H. Hastings*, *contra*, cited, on the same point:
*State v. Washington*, 15 Rich. [S. Car.], 39; Bishop, Crim.
Proc., sec. 714; *State v. Weare*, 38 N. H., 314; *State v.
Rowley*, 12 Conn., 101, 106.

Post, J.

The plaintiff in error was convicted in the district court of Lancaster county' on the charge of embezzlement as an attorney at law, and seeks a reversal of said judgment on account of alleged errors, of which it is necessary to notice but one.

From the records of the case it appears that the accused was arraigned on the 18th day of April, 1891, and entered a plea of not guilty to the information, and the trial thereof set for the 27th of the same month. On the last named day the case was called for trial, when the county attorney in behalf of the state asked, and over the objection of the accused was given leave, to amend the information by interlining therein the following : " The said Howard W. Zink being a duly admitted attorney at law to practice in the various courts of the state of Nebraska and of Lancaster county." Accused then objected to being tried until he had been furnished a copy of the amended information, and demanded the statutory time thereafter in which to prepare for trial, which was refused, and he was immediately put on his trial without further arraignment or plea to the information as amended. The amendment allowed was a material allegation. We do not understand the attorney general to contend that the information was sufficient to sustain a conviction without the amendment. In an information under section 121 of the Criminal Code, the fiduciary character of the accused, which is the distinguishing feature of the crime of embezzlement, must be distinctly charged. (Wharton's Criminal Law, 1940; Bishop's Crim. Procedure, 232a.) Where the statute denounces the act or omission of a particular class or description only, such facts by way of addition or description must be averred as to bring the accused clearly within the statute and show him to belong to the special class designated. (Bassett's Criminal Plead-

ing, 128; *People v. Allen,* 5 Denio [N. Y.], 76; *People v. Tyron,* 4 Mich., 665; *Com. v. Simpson,* 9 Met. [Mass.], 138; *Kibs v. People,* 81 Ill., 599.)

The information upon which the accused was tried was essentially different from the one upon which he had been arraigned and to which he had been given an opportunity to plead. The former charged a felony, while the latter is wanting in a necessary ingredient of the crime in question. It is provided by section 436 of the Criminal Code that in every case of indictment for a felony a copy of the indictment shall be served upon the defendant or his counsel, and by the last clause of said section it is provided that "No one shall be, without his assent, arraigned or called upon to answer to any indictment until one day shall have elapsed after receiving in person or by counsel or having an opportunity to receive a copy of such indictment as aforesaid." This right to be furnished with a copy of the indictment or information, and one day to prepare for trial, is a substantial right which cannot be denied the accused in a prosecution for a felony. It is no answer to say that the information as filed contains sufficient matter to indicate the crime and the person charged. We do not agree with the attorney general that there was no substantial defense the accused could make before the amendment that was not equally available after. He had before the amendment this most potent of defenses, that he was not charged with a crime and might object to being put on trial; or, if tried and found guilty, that a motion in arrest of judgment would be available. It is time that the Criminal Code overlooked technical objections, but the simplification of pleading has no application where it would unjustly prejudice the accused. And the information must always contain enough to apprise him of the acts to be proved, and against which he is to defend. (*McNair v. People,* 89 Ill., 441.) There are limits even to legislative authority in this direction. It may authorize a change in

other respects, but has no authority to dispense with the substantial requisite of a distinct, explicit, and certain accusation. (Bassett's Criminal Pleading, 121 ; 1 Bishop's Crim. Procedure, 77 *et seq.*)   It is not necessary to determine in this case whether an information may, in any case, be amended by addition thereto of material allegations.

We are of the opinion that the ruling of the district court in requiring plaintiff in error to proceed with the trial on the amended information immediately, and denying him a copy thereof and the statutory time to answer, is error, for which the judgment must be reversed and the case remanded for a second trial.   It is not necessary to notice the other questions argued.

REVERSED AND REMANDED.

THE other judges concur.