## THOMAS McCARTY V. J. H. HOPKINS.

FILED MARCH 20, 1901. No. 11,853.

1. **Regularity of Criminal Proceeding, Where Court Has Jurisdiction Can Not Be Questioned in Habeas Corpus.** The regularity of the procedings leading up to the sentence in a criminal case can not be inquired into on an application for a writ of habeas corpus. If the court had jurisdiction of the defendant and authority to try the charge against him, its action can be assailed only in a direct proceeding.

2. **Judge in Chambers May Receive Plea of Guilty.** A judge of the district court, sitting at chambers within his judicial district, may, upon reasonable notice to the prosecuting attorney, receive a plea of guilty from a person charged with a felony and pass sentence upon him.

3. **Plea May Be Received and Sentence Pronounced in Another County.** Such plea may be received and sentence pronounced by such judge at chambers in a county of the judicial district other than the one in which the prosecution was initiated.

4. **Judicial Confession Waives Constitutional Right.** A person charged with crime may, by a judicial confession of guilt, waive all the rights secured to him by section 11, article 1 of the constitution.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed*.

*F. C. O'Halloren* and *W. A. Foster*, for plaintiff in error:

If the constitutional restriction prohibits the legislature from extending the criminal jurisdiction of district courts beyond county lines, the legislature can not, to obtain the same object, authorize a district judge to accept a plea of guilty and pass sentence in another county. *Hurlbut v. State*, 52 Nebr., 428.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra:*

The right of trial within the county is a mere personal privilege. It is not conferred from any consideration of public policy; hence it may be waived. Bishop, Criminal Procedure, 50; *State v. Potter*, 16 Kan., 80.

SULLIVAN, J.

This proceeding in error brings up for review a judgment of the district court of Douglas county denying the application of Thomas McCarty for a writ of habeas corpus directed to the warden of the penitentiary in whose custody the petitioner is held under a sentence pronounced against him by one of the judges of the fourth judicial district sitting at chambers in the city of Omaha. The cause was submitted upon a stipulation of facts, from which it appears that McCarty was charged in due form in the district court of Sarpy county with the commission of a felony; that he was arraigned and pleaded not guilty; that he afterwards appeared before George W. Ambrose, one of the judges of the fourth judicial district, sitting at chambers in Douglas county and, after withdrawing his plea of not guilty, confessed the charge upon which he had been arraigned, and was thereupon sentenced by said judge to imprisonment in the penitentiary for a term of fifteen years. Upon these facts we are of opinion that the prisoner is not unlawfully deprived of his liberty, and that the application for the writ was properly denied.

The only question for decision pertains to the jurisdiction of Judge Ambrose. If he possessed the power which he assumed to exercise, the trial court could not go behind the sentence and inquire into the regularity of prior proceedings. *In re Ream*, 54 Nebr., 667; *In re McVey*, 50 Nebr., 481; *In re Havlik*, 45 Nebr., 747; *In re Betts*, 36 Nebr., 282; *Ex parte Parks*, 93 U. S., 18; *Ex parte Yarbrough*, 110 U. S., 651. The county in which the prosecution was commenced and the one in which sentence was passed are in the same judicial district. By section 23, article 6, of the constitution it is provided: "The several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." Under the authority of this section the legislature enacted in 1881 what is now known as section 57, chapter 19, Compiled

Statutes, 1899. It is as follows: "That any judge of the district court may sit at chambers, at any time and place within his judicial district, and while so sitting shall have the power—1. To grant, dissolve, or modify temporary injunctions. 2. To discharge attachments. 3. To hear and determine application for writ of mandamus, and applications for writ of habeas corpus. 4. To discharge such other duties or to exercise such other powers as may be conferred upon a judge in contradistinction to a court. 5. To receive a plea of 'guilty' from any person charged with a felony and passing sentence thereon, upon reasonable notice to the prosecuting attorney." This legislation would seem to be clearly enough within the authority conferred by the section of the constitution above quoted; but its validity is challenged on the ground that it violates that provision of the bill of rights which guaranties to every person accused of crime "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." The right of an accused person to be tried by a jury drawn from the county or district in which the prosecution was initiated, is a mere personal privilege and, like the other rights conferred by section 11, article 1, of the constitution, may be waived. Even the right to a trial, anywhere or under any conditions, may be waived, and in practice is waived when the accused makes a judicial confession of his guilt. When no issue is raised; when the prisoner pleads guilty to the information or indictment, there is nothing to try; the right to a jury is waived and with it, of course, the constitutional guaranties with respect to the conduct of criminal prosecutions. The defendant in a criminal case is entitled to defend by counsel, to have a copy of the accusation, to meet the witnesses against him face to face, to have process to compel the attendance of witnesses in his behalf and to a speedy public trial by an impartial jury composed of persons who are presumably acquainted with his good repute; but these rights are not inalienable; they were not conferred upon him from any

consideration of public policy, and he may, therefore, insist upon them or abandon them at pleasure. *Olive v. State,* 11 Nebr., 1; *State v. Crinklaw,* 40 Nebr., 759; *State v. Potter,* 16 Kan., 80.

The respondent having shown adequate legal cause for the detention of McCarty, the judgment denying the writ is

AFFIRMED.