WAYLON J. MILLER v. STATE OF NEBRASKA.

FILED MARCH 28, 1928. No. 26044.

*S. D. Killen,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff in error, hereinafter called defendant, was convicted and sentenced to pay a fine of $50 for carelessly, wilfully and unlawfully neglecting to provide sufficient sustenance for four mules and six horses, which he, as owner, had in his charge. He prosecutes error to review the record of his conviction.

Defendant asserts that the trial court erred in submitting the case to a jury of eleven; in its rulings on admission and exclusion of evidence; and in giving and refusing instructions. He further contends that the verdict is not sustained by the evidence.

After the jury were sworn and opening statements made by counsel, one of the jurors, because of illness, was unable to serve. Thereupon, defendant and the prosecuting attorney, in open court, agreed that the trial should proceed to the eleven remaining jurors.

Defendant now contends that, notwithstanding his consent thereto, a trial to a jury of less than twelve is illegal. He invokes the provision of section 11, art. I of the Constitution, which gives to the accused in criminal prosecutions a right to trial by an impartial jury of the county in which the offense is alleged to have been committed, and he argues that the constitutional provision contemplates a jury of twelve, and that he could not waive such constitutional right. There is a diversity of judicial opinion upon the question in the courts of other jurisdictions, and the decisions in our own are not harmonious. In *Arnold v. State,* 38 Neb. 752, it was held that it is beyond

the power of the state's attorney and prisoner to substitute, by agreement, another tribunal than the one prescribed by statute for the trial of a plea in bar in a criminal action. It was further held that the prisoner charged with a felony cannot waive the right to a trial by jury of the issues presented by a plea in bar. In *Michaelson v. Beemer*, 72 Neb. 761, it was held that a defendant charged with a felony, on a plea of not guilty, cannot waive his right to a trial by jury.

On the other hand, in *State v. Crinklaw*, 40 Neb. 759, in a habeas corpus proceeding, it was held that the constitutional right to a trial by a jury of the county where the crime is alleged to have been committed is a mere personal privilege of the accused, and that he may waive such privilege. In *McCarty v. Hopkins*, 61 Neb. 550, it was held that a person charged with a crime may, by a judicial confession of guilt, waive all the rights secured to him by section 11, art. I of the Constitution. In *Kennison v. State*, 83 Neb. 391, it was held that a defendant in a criminal action may waive the right to a trial by a jury of a county other than that where the crime was alleged to have been committed. And in *Marino v. State*, 111 Neb. 623, it was held that the constitutional right to a trial by jury in the county where the offense was alleged to have been committed, as provided in section 11, art. I of our Bill of Rights, is a mere personal privilege of the accused which he may waive.

Each of these cases involved a charge of felony. In the instant case defendant is charged with a misdemeanor, created by statute, and which was not an offense at common law. While one charged with a statutory misdemeanor has a right to demand a trial by a jury of the county where the offense is alleged to have been committed, yet the great weight of authority, and the better view, is that the defendant in such a case may waive his right to a jury trial. 35 C. J. 199, sec. 106, and cases there cited. Particularly is this true where the offense is punishable by a fine only. 35 C. J. 191, sec. 95.

If one may waive an entire jury trial in such a case, it certainly follows that he may consent to a trial by a jury of a less number than twelve. We have no doubt that, had the jury found the defendant not guilty, he would have been protected by such a verdict, even though it was rendered by a jury of eleven. Having once been put in jeopardy, he could not be subjected to a second trial for the same offense. A defendant should not be permitted to speculate and take the chance of a verdict, favorable to himself, which would be a protection to him, and be relieved of liability in the event of an adverse verdict.

We are constrained to hold that the court committed no error in submitting the cause to a jury of eleven.

We have carefully examined all of the instructions given and refused, and all rulings on admission and rejection of evidence, and fail to find any prejudicial error, as respects either the instructions or rulings on evidence.

The defendant argues that the evidence is insufficient to show that he was the owner of the horses and mules, or that he carelessly or wilfully neglected to provide sustenance therefor. There is evidence in the record from which the jury might properly find that the defendant confined four mules and six horses in a pasture from the 7th of September until about the 1st of January following; that there was little water and practically no forage in the pasture; that these animals were insufficiently nourished; and that a number of them died from lack of food and water. The evidence is sufficient to warrant the jury in finding also that defendant was the owner of and placed the mules and horses in the pasture. While the evidence as to the amount of water and amount and character of the forage in the pasture is in conflict, it presented a question for the jury, and their finding is conclusive.

The record is free from prejudicial error. The judgment is therefore

AFFIRMED.