PAT DUGGAN, APPELLANT, V. NEIL OLSON, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

19 N. W. 2d 353

FILED JUNE 22, 1945. No. 31960.

*Pat Duggan, pro se.*

*Walter R. Johnson, Attorney General, H. Emerson Kok-jèr* and *Carl H. Peterson,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a habeas corpus proceeding instituted in the district court for Lancaster county by relator Pat Duggan, against the warden of the state penitentiary as respondent, to obtain the petitioner's release. From an order denying the writ, the petitioner has appealed to this court.

At the outset, we disregard the gratuitous uncomplimentary remarks contained in the petition and in the relator's brief, and proceed to the subject matter raised in the proceedings.

On October 16, 1935, the relator, then 37 years of age, was informed against by the county attorney of Perkins

County in an information duly filed in such county, with the crime of incest, alleged to have been committed on or about April 10, 1935. He was served with a true and certified copy of the information at 11:30 o'clock a. m. the same day. On October 17, 1935, the following proceedings were had before Charles E. Eldred, judge of the district court of the fourteenth judicial district of Nebraska, sitting in chambers at McCook, Red Willow County, Nebraska, as shown by the journal entry contained in the petition, and hereinafter, in substance set out: The state of Nebraska being represented by W. C. Conover, county attorney of Perkins County, and the defendant being present in the custody of the sheriff, the defendant having requested in writing filed therein that he be permitted to plead to the information filed against him in Perkins county, at McCook, Red Willow County, Nebraska, and the court advising the defendant of the nature of the charge made against him, and of the law, and the penalty, on inquiry of the court whether he wished to proceed with the hearing on the information at this time and place, or wait until the court convened in Perkins County, the defendant stated that he desired to plead to the information and to proceed with this matter at this time and place. The defendant was advised that he was entitled to consult and have the benefit of counsel if he wished to do so, and defendant stated that he did not desire to consult an attorney. The defendant was thereupon arraigned, information read, and defendant entered a plea of guilty as charged, which plea was by the court endorsed upon the information. The court thereupon advised the defendant of the nature of the charge and the nature and effect of his plea of guilty, and inquired of the defendant whether he had any reason to offer why the sentence of the court should not be pronounced against him upon his plea of guilty. The defendant answered that he had not. Thereafter the court imposed sentence and commitment issued.

The relator alleges in his petition that his trial, conviction and commitment by the district court for Red Willow County was unconstitutional and void, being in violation of

the fourteenth amendment to the Constitution of the United States, which provides that no person shall be deprived of his liberty without due process of law.

The violations of the due process clause of the Constitution of the United States claimed by the relator in paragraph three of the petition are: No change of venue was requested by the petitioner or granted by the judge while sitting in the district court for Perkins County, Nebraska, transferring the case to place of trial at McCook, Red Willow County, Nebraska; no accusation nor indictment was ever filed in the office of the clerk of the trial court at McCook, Red Willow County, Nebraska, therefore the judgment and conviction is based upon information rather than an indictment by the grand jury; the relator was deprived of having 24 hours within which to examine the charge and prepare a defense; the relator was denied trial by jury; and the relator was deprived of having the assistance of counsel. The alleged violations of the due process clause of the Constitution of the United States will be taken up in the order in which they appear.

The journal entry appearing in the relator's petition, which is heretofore set out in part, contains a complete recital of what transpired at the time of his arraignment and sentence. The record, which he himself pleads, discloses that upon the filing of the information against him in the district court for Perkins County, and at his express request in writing, he entered a plea of guilty upon which judgment was entered, and he was sentenced in chambers at McCook in Red Willow County and within the judicial district of which Perkins County was and is a part, presided over by the same judge. It is therefore obvious that this charge rests upon a misconstruction of the record in his prosecution. There was, in fact, no transfer of his prosecution to the district court for Red Willow County. The case remained at all times in the district court for Perkins County.

The procedure pursued is in keeping with the law of this state. Section 24-317, R. S. 1943, provides in part: "A judge of the district court may sit at chambers anywhere

within his district, and * * * shall have power to * * * receive a plea of 'guilty' from any person charged with a felony, and pass sentence thereon, * * * ."

In *McCarty v. Hopkins*, 61 Neb. 550, 85 N. W. 540, this court held: "A judge of the district court, sitting at chambers within his judicial district, may, upon reasonable notice to the prosecuting attorney, receive a plea of guilty from a person charged with a felony and pass sentence upon him." In the opinion, what was then section 23, article VI of the Constitution of Nebraska was cited, wherein it was provided: "The several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." This constitutional provision remains the same today. See Const., art. V, sec. 23.

Under the authority of this constitutional provision the legislature enacted, in 1881, what is known as section 57, chapter 19, Comp. St. 1899, the fifth provision thereof which is like provision 10 of section 24-317, R. S. 1943, with the exception that in the earlier statute reasonable notice to the prosecuting attorney was provided, while in the later statute, ten days' notice to the prosecuting attorney is provided. The notice contained in the statute is immaterial here because the relator made an express request in writing to be permitted to plead to the information at McCook, Red Willow County.

"Whether the district judges in Nebraska may accept pleas of guilty in counties in their respective circuits other than the counties where the accusations are pending is a question of state procedure within the knowledge of the state courts." See *Duggan v. O'Grady*, 8th Cir., 114 Fed. 2d 561.

As a matter of law, the relator's contention must be denied.

In connection with the second contention raised in the petition, section 10, art. I of the Constitution of Nebraska reads in part: " * * * ; *Provided*, That the Legislature may by law provide for holding persons to answer for criminal offenses on information of a public prosecutor; and may by

law, abolish, limit, change, amend, or otherwise regulate the grand jury system."

Pursuant to the constitutional provision, the legislature provided in what is now section 29-1601, R. S. 1943, as follows: "The several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon information, for crimes, misdemeanors and offenses, to issue writs and process, and do all other acts therein, as they possess and may exercise in cases of the like prosecutions upon indictments."

Section 29-1602, R. S. 1943: "All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant."

In *Bolln v. State*, 51 Neb. 581, 71 N. W. 444, this court said: "The power of the legislature to provide by appropriate enactment for the trial of criminal cases in the district court upon informations filed by the public prosecutor, or county attorney, instead of indictments, * * * could not be successfully questioned, in view of section 10, article I of the state constitution, * * * ." See, also, *Dinsmore v. State*, 61 Neb. 418, 85 N. W. 445.

In *Bolln v. Nebraska*, 176 U. S. 83, 20 S. Ct. 287, it is said that a law of Nebraska permitting the prosecution by information is not in violation of the Constitution of the United States and does not conflict with the Fourteenth Amendment to the Constitution of the United States. On page 88, in the body of the opinion, the court said: "As we have repeatedly held, the Fourteenth Amendment was not intended to curtail the powers of the States to so amend their laws as to make them conform to the wishes of their citizens, to changed views of administration, or to exigencies of their social life." See, also, *Hurtado v. California*, 110 U. S. 516, 4 S. Ct. 292; *In re Kemmler*, 136 U. S. 436, 10 S. Ct. 930; *Dent v. West Virginia*, 129 U. S. 114, 9 S. Ct. 231; *Caldwell v. Texas*, 137 U. S. 692, 11 S. Ct. 224.

It will thus be seen, the several states of the Union are at liberty to define offenses under their laws and to provide

the legal procedure for punishment. Where such procedure, as in Nebraska, is not in violation of the Fourteenth Amendment to the Constitution of the United States, error cannot be predicated upon the failure to prosecute by indictment.

Analyzing the third contention raised in the petition, the relator's petition discloses he was formally served with a true and certified copy of the information by delivery by the sheriff to him at 11:30 o'clock a. m., on October 16, 1935. He entered his plea on the next day, October 17, 1935, at what hour of the day is not shown. It is impossible to tell from the record whether the 24 hours had elapsed or not.

The specific right to the lapse of one day after the receipt of an information or indictment before a defendant may be arraigned or called upon to answer, is created by section 29-1802, R. S. 1943, which provides in part: "No one shall be, without his assent, arraigned or called on to answer to any indictment until one day shall have elapsed, after receiving in person or by counsel, or having an opportunity to receive a copy of such indictment as aforesaid." The defendant's right under the statute may be waived. *Kopp v. State,* 124 Neb. 363, 246 N. W. 718: "The right of a defendant, under section 29-1802, Comp. St. 1929, (now section 29-1802, R. S. 1943) not to be required, without his assent, to answer an indictment, until one day shall have elapsed after receiving a copy thereof, may be waived. The failure of the record to show that he made any objection raises the presumption that he waived the right." See, also, *Barker v. State,* 54 Neb. 53, 74 N. W. 427.

The case of *Zink v. State,* 34 Neb. 37, 51 N. W. 294, is not in point, as there was no plea of guilty in that case. In the instant case there was a plea of guilty.

"A defendant, by pleading guilty, waives all defenses other than that the indictment (information) charges no offense." 14 Am. Jur., sec. 272, p. 953. "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence pre-

scribed by law on a verdict of guilty of the crime sufficiently charged in the * * * information." 14 Am. Jur., sec. 272, p. 952.

In the case at bar, the record shows affirmatively that the defendant had pleaded guilty, this absolutely waived this and all other preliminary steps in connection therewith. The contention has no merit.

The relator pleads that he was deprived of a trial by jury. Section 11, art. I of the Constitution of Nebraska states: "In all criminal prosecutions the accused shall have the right * * * to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." This right may be waived. See *McCarty v. Hopkins, supra.* It need only be remarked in considering this contention, that a valid plea of guilty dispenses with the necessity of a jury, and even of a trial at all. Law to this effect is so well established that citation of authority, both state and federal, is deemed unnecessary. There is no merit to the relator's contention in such respect.

The relator pleads that he has been deprived of his liberty in violation of the Fourteenth Amendment to the Constitution without due process of law, for the reason that he was without the assistance of counsel, and through ignorance entered a plea of guilty. Not repeating the journal entry heretofore set out and appearing in the relator's petition, we deem it necessary to call attention to the following admitted facts included therein: The defendant, relator here, requested in writing that he be permitted to plead to the information. The court advised the defendant (relator) of the nature of the charge made against him and of the law and the penalty. The court further inquired whether he wished to proceed with the hearing on the information at this time and place, or wait until the court convened in Perkins county. The relator desired to proceed and plead. The court advised the relator that he was entitled to consult and to have the benefit of counsel if he wished to do so, and relator stated to the court he did not desire to consult an attorney. In other words, he freely and voluntarily

waived the right to have the offered assistance of counsel. The waiver was within his competency. In *McCarty v. Hopkins, supra,* it was held that, "A person charged with crime may, by a judicial confession of guilt, waive all the rights secured to him by section 11, article I of the Constitution." This includes the right to be represented by counsel. See, also, *Marino v. State,* 111 Neb. 623, 197 N. W. 396; *Miller v. State,* 116 Neb. 702, 218 N. W. 743.

" 'The constitutional right of the accused to have the assistance of counsel may be waived, and a waiver will be implied where the accused, being without counsel, fails to demand that counsel be assigned him.' 16 C. J. 821." *Alexander v. O'Grady,* 137 Neb. 645, 290 N. W. 718. See, also, *Davis v. O'Grady,* 137 Neb. 708, 291 N. W. 82; 23 C. J. S., sec. 979, p. 314; *Logan v. Johnston,* 28 F. Supp. 98; *Cundiff v. Nicholson,* 107 F. 2d 162; *In re Application of Carper,* 144 Neb. 623, 14 N. W. 2d 225.

There is no doubt but that the relator freely and voluntarily waived his right to be represented by counsel, and that it was within his competency to do so. He obviously knew, being a father and a mature man, whether or not he violated the body of his daughter. An offense of this character is one where it would be presumed that a defendant of ordinary intelligence would readily understand exactly what he was charged with, as respects acceptance of his plea of guilty. See *Loucks v. State,* 213 Ind. 108, 11 N. E. 694.

"Where an accused, without counsel, admits his guilt, and does not ask for or desire a trial, but wishes to submit himself to the trial court's mercy, his conduct is a competent and intelligent waiver of his constitutional right to assistance of counsel." *Erwin v. Sanford,* 27 F. Supp. 892. See, also, *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252.

The relator was not denied his constitutional right to have the assistance of counsel under the circumstances here presented.

All the questions raised in the relator's petition are questions of law, determined by the trial court and this court.

In an application for a writ of habeas corpus, if the appellant or petitioner sets forth facts which, if true, would make out a case which would entitle him to a discharge, then the writ is a matter of right, and the petitioner should be produced and a hearing held thereon, to determine the question of fact presented, but if he shows by the facts which he sets forth in his application for the writ, that he is not entitled to relief, then the writ will be denied.

For the reasons given in this opinion, we hold that the trial court properly determined the questions of law raised in the relator's petition, and the petition for writ of habeas corpus was properly denied.

AFFIRMED.