RAYMOND W. JOHNSON, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
100 N. W. 2d 844

Filed February 11, 1960. No. 34701.

*Dryden & Jensen,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

In a criminal action in the district court for Buffalo County, Nebraska, prosecuted by the county attorney in the name of the State of Nebraska, Leonard Sebring and Raymond W. Johnson were charged by information with the offense of robbery. They were arraigned, pleaded guilty, and were sentenced to serve a term of 3 years in the State Penitentiary. The date of the arraignment, plea, and sentence was October 9, 1958.

On January 17, 1959, Johnson filed in the action an application for a writ of error coram nobis the purpose of which was to have the plea of guilty vacated and set aside and to have a trial to a jury on the charge of robbery. This application, after a hearing thereon by the court, was denied. Johnson, by petition in error filed in this court, seeks a reversal of the order denying his application for writ of error coram nobis. Johnson, who is plaintiff in error, will be referred to here-

inafter as defendant and the State of Nebraska, as defendant in error, will be referred to as the State.

The application for the writ is of considerable length but in the light of the record made, the assignments of error, and the brief of the defendant, it becomes necessary to say with reference thereto only that the defendant pleaded that he was denied his constitutional right to be represented by counsel. The other pleaded matters on this account are not before the court for consideration. The pleaded matter was denied by the State. The State asserts in its brief that the cause of action was based upon the ground that the plea of guilty was induced by persons in authority and that the defendant did not knowingly waive his right to be represented by counsel.

These are matters which were set forth in the application and on which evidence was adduced but they do not appear in the assignments of error, which assignments of course provide the basis of consideration of the case by this court.

On this question of whether or not the defendant was denied the right to be represented by counsel, from the evidence given in person and the other evidence adduced on his behalf, it is clear that there was no such direct denial. The evidence of these witnesses was directly to the contrary. These witnesses, including the defendant, testified positively and unequivocally that the defendant was informed by the court that he was entitled to be represented by counsel. The evidence discloses without contradiction that when the defendant was brought before the court for arraignment the trial judge fully and carefully, at great length, explained to him his constitutional rights. The trial judge read to defendant the statute pursuant to which the information had been drawn; orally explained it; directed attention to the penalty for the offense and the authority of the court in relation thereto; told him that he could plead not guilty, guilty, nolo contendere, or stand mute; and ex-

plained the effect of each such plea or a failure to plead. The trial judge also advised him that he should not plead guilty unless he was guilty. The trial judge further advised him that he was entitled to a trial to a jury and that he was entitled to be represented by counsel. After having been thus advised the defendant counseled privately with his father and mother who were present with him in the courtroom, and perhaps more than 2 hours after he had been advised of his rights and without anything remotely in the nature of coercion or advice on the part of anyone else he came before the court and effectually told the court that he did not want to be represented by counsel but that it was his desire to plead guilty to the charge against him. He thereupon did plead guilty and following the plea was sentenced.

The only claim in actuality that the defendant makes as ground for the relief which he seeks is that he was not informed that he was entitled to have counsel provided at the expense of the State. Substantially he asserts in this connection that since he was not so informed he understood that he was entitled to counsel only if he made provision therefor himself, which he was unable to do, or if it was made by his father, upon whom he was unwilling to impose the burden. In the light of this misunderstanding and this failure to receive this information he contends that he was deprived of his constitutional rights.

There is of course no doubt that the defendant was, under the Constitution of the United States and the Constitution of Nebraska, entitled at the time of his prosecution to due process of law. Fifth Amendment and Fourteenth Amendment, section 1, Constitution of the United States; Article I, section 3, Constitution of Nebraska. Also under the Constitution of the United States and the Constitution of Nebraska he was entitled to trial by jury. Sixth Amendment, Constitution of the United States; Article I, sections 6 and 11, Constitution

of Nebraska. Article I, section 11, of the Constitution of Nebraska, provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, * * *." See, also, Sixth Amendment, Constitution of the United States.

The rights guaranteed under Article I, section 11, Constitution of Nebraska, are personal privileges which may be waived. In Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561, it was said: "It has long been the rule in this state that all of the rights guaranteed by Article I, section 11, of the Constitution of Nebraska are personal privileges and not having been conferred from any consideration of public policy are not inalienable but may be insisted upon or abandoned at pleasure." See, also, In re Application of Carper, 144 Neb. 623, 14 N. W. 2d 225; Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353; Hawk v. Olson, 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61.

In the light of the résumé of evidence set out herein it is apparent that the defendant was fully and fairly and with a high degree of care informed of his constitutional rights. He did not contend otherwise on the hearing in this case. In this light he waived his right to counsel and pleaded guilty to the offense with which he was charged.

Arguendo, but without assignment of error, it is suggested that the defendant lacked capacity to understand what he was doing when he pleaded guilty to the charge against him, and that he was improperly induced to waive his right to representation and to plead guilty. There is however no support in the record for these suggestions.

The record fully justifies the judgment of the district court and it is accordingly affirmed.

AFFIRMED.