STATE OF NEBRASKA, APPELLEE, v. FLOYD RUSSELL, APPELLANT.

115 N. W. 2d 578

Filed June 8, 1962. No. 35176.

*Ginsburg, Rosenberg & Ginsburg* and *Norman Krivosha,* for appellant.

*Clarence A. H. Meyer,* Attorney General, and *Melvin K. Kammerlohr,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

YEAGER, J.

This is a criminal action prosecuted in the name of the State of Nebraska, plaintiff, appellee herein, against Floyd Russell, defendant, appellant herein. In the action the defendant was charged, by information filed in the district court for Holt County, Nebraska, with the offense of having, on July 30, 1960, willfully, unlawfully, and with the intent to defraud, made, drawn, uttered, issued, and delivered to Galyen Motor Co. a certain unlawful bank check for $575, knowing at the time that he had not sufficient funds in or credit with the bank it was drawn on to make payment thereon upon its presentation for payment.

On March 13, 1961, the defendant was arraigned on the information and pleaded not guilty. There had previously been an incorrect date given to the charge which was corrected thereafter, and an improper arraignment, but this is not presented as ground for reversal on this appeal. At the time of arraignment statutory service of the information had not been made, but this was expressly waived by the defendant, and it is not asserted as ground for reversal.

At the time of arraignment the defendant was advised by the court that he was entitled to have counsel

and if he was unable to provide counsel of his own choice he was entitled to have counsel appointed by the court. He advised the court that he did not desire representation. After arraignment and plea of not guilty bail which had been previously given was continued in force. At that time the defendant was advised to remain subject to the order of the court.

At some point in the interval between the time the original charge was made and the arraignment, one John R. Gallagher was retained as his counsel. At some time prior to October 2, 1961, Gallagher, with the consent of the court, withdrew as counsel.

On October 2, 1961, the case was called for trial. When the defendant was notified of the date for trial does not appear. It does appear that the defendant drove all night the night before in order to respond to the call.

On the morning of October 2, 1961, the court was informed by the defendant that he did not have counsel. He, at that time, in court, requested a postponement and also requested counsel. Postponement was denied and John R. Gallagher was appointed as counsel. This appointment was contrary to the express wish of Gallagher. No formal application for continuance was made and filed by the defendant or on his behalf by Gallagher. The trial started at 11:10 a.m. on that date.

It was not asserted either generally or specifically by either the defendant or counsel that to proceed would deprive the defendant of the testimony of witnesses or other evidence necessary or pertinent to the defense to the charge.

The case was tried to a jury and the State adduced its evidence, as did also the defendant. There was no motion for a directed verdict either at the close of the evidence of the State or of the defendant. The jury was instructed and, after deliberation, it returned a verdict finding the defendant guilty of the crime charged.

A motion for new trial was filed on behalf of the de-

fendant by Gallagher, his then attorney. This motion was overruled and, on October 6, 1961, the defendant was sentenced to serve a term of 3 years in the Nebraska State Penitentiary.

On November 1, 1961, a notice of appeal on behalf of the defendant was filed by his then attorney, Norman Krivosha. An amended and supplemental notice of appeal was filed on November 3, 1961.

The brief of the defendant contains five assignments of error which he contends present grounds for reversal of the conviction in this case. The effect of the first is to say that the rights of the defendant under the Constitutions of the United States and of the State of Nebraska were violated by ordering the case to trial only 1 hour after the assignment of counsel for the defendant.

As interpreted here, the contention is that by what was done due process of law was denied to the defendant, the point being that the action was so precipitate in character that the defendant was prevented from the protection of his rights and his liberty. If this contention is in fact sustained, he was not accorded due process of law. The facts and circumstances however require examination in order to ascertain whether or not the contention is sustained.

It is true that the trial was ordered 1 hour after the attorney was appointed, but that does not present the true picture. The alleged crime was committed July 30, 1960. Soon thereafter the defendant was arrested and had a preliminary examination. Thereafter on March 13, 1961, he was arraigned on an information and became fully advised with reference to counsel. At that time he was ordered to hold himself subject to the order of the court, which obviously meant that he should prepare himself and keep in readiness for trial. More than 6 months after that he was called for trial. It is obvious that the advice given by the court had gone unheeded.

To this it must be added that Gallagher had for a time been his attorney and there is nothing in the record

to indicate that he was not familiar with the defense which the defendant had, if any, or that the witnesses, if any, were not known.

To this it must be further added that no attention at the time was called to any witness who could testify to any fact favorable to the defendant.

To this it must be further added that the motion for new trial asserts error of the same character and quality that is asserted by the assignment of error being considered, but no word of evidence by affidavit or otherwise was adduced to support the assignment.

Affirmatively the defendant himself in testimony at the trial in his direct examination gave evidence, the tenor and effect of which was to admit the charge against him and to refute the contention on appeal that by the requirement that he go to trial on October 2, 1961, his constitutional rights were denied. The following from his evidence appears in the bill of exceptions: "Q. Mr. Russell, you delivered him this check for $575.00 in payment for this car; now did you know that you did not have $585.00 in the bank to cover this check? A. Yes sir, I did. Q. Did you make any arrangements for covering the check? A. No. I attempted to the following day, but the man who purchased the car didn't have the money the day he got it; and that was the reason for the delay, and also I was delayed on other financial matters. Q. Did you have a conversation with the banker in regard to a loan? A. I did; but he wouldn't go for that. Q. The banker would not make you a loan to cover this check? A. No. * * * Q. In other words, your intention was to sell, or resell, the car, and then you would have the money to cover this check? A. That's right."

For support of this assignment of error the defendant relies for the most part on what was said in Dolen v. State, 148 Neb. 317, 27 N. W. 2d 264, and cases cited in the opinion therein. In that case the following statement appears: "It is the general rule that a reason-

able time for the preparation of a defendant's case must be allowed in a felony case between the time of the appointment of counsel by the court for an indigent defendant and the date of trial."

No fault is found with this general rule, but from the rule and the case in which its statement appears, it becomes unavoidably inferable that whether or not sufficient time has been allowed must depend upon the proved surrounding facts and circumstances. See, Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561; Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716; Johnson v. State, 169 Neb. 783, 100 N. W. 2d 844.

A consideration of the surrounding facts and circumstances which have been pointed out leads to the conclusion that this assignment of error is without merit.

This conclusion disposes for all practical purposes of the fifth assignment of error. It is, however, pointed out that from the assignment and argument it is inferable that in the case here, there was a motion for continuance. No such motion however was filed, and no showing of necessity for continuance.

A long-standing and controlling rule applicable in a situation such as this is the following: "Affidavits of parties to actions for the continuance of the trial for the production of the testimony of absent and distant witnesses, must allege facts and circumstances to be given in evidence from which legal conclusions, constituting a cause of action or defense, may be drawn." Farmers & Merchants Bank v. Berchard, Bridge & Co., 32 Neb. 785, 49 N. W. 762. See, also, § 25-1148, R. R. S. 1943.

By the second assignment of error it is urged that the court failed to instruct on all of the essential elements of the crime charged. The contention is contrary to what clearly appears in the instructions. These elements are set forth specifically in the first and the sixth instructions, and attention has been called to them by reference in the eleventh instruction.

By the third assignment of error it is asserted that the court erred in failing to instruct the jury that if the defendant had an understanding with the bank or a reasonable expectation of having funds in the bank when the check was presented for payment, he was not guilty of the crime as charged. There was no basis for such an instruction. There was no evidence to support it. The evidence of the defendant was in clear refutation of the right to such an instruction.

By the fourth assignment of error the defendant contends that the court failed to instruct on the theory of the defense and particularly as to whether or not he reasonably believed that he would have credit with the bank or sufficient funds in the bank when it was presented for payment.

As this assignment of error is interpreted here, the question presented is that of whether or not the court properly and sufficiently instructed as to the intent of the defendant at the time he gave the check. Intent was submitted as an element in the definition of the crime, and the burden of its proof was duly and regularly imposed on the State. Also, in instruction No. 8, the court informed the jury as to the evidentiary effect of the issuance of a check, payment of which was refused because of lack of funds. As to these instructions there was and is no complaint. The remainder of the complaint is too indefinite to require consideration. It must be said therefore that the assignment avails nothing to the defendant.

The conclusion reached in the light of these observations is that the judgment of the district court should be, and it is, affirmed.

AFFIRMED.