REQUESTED BY: Senator Chris Beutler Nebraska State Legislature 1105 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
You have asked for our opinion concerning LB 358, before the judiciary committee. That bill would amend Neb.Rev.Stat. § 29-2001 (Reissue 1979) by adding the following language: `Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and consent of the County Attorney.'
Your question is whether or not this amendment would violate Article I, Section 6 of the Nebraska Constitution, particularly with reference to the qualifiers restricting the right to waive jury trial. This question has been decided by both the United States and the State of Nebraska Supreme Courts.
The proposed amendment is identical to Federal Rule of Criminal Procedure 23(a), except for the word `government,' in its place, the words `County Attorney' are used. The United States Supreme Court considered a challenge to this rule in Singer v. United States, 380 U.S. 24. In that case the Supreme Court said:
 Petitioner further urges that since a defendant can waive other constitutional rights without the consent of the Government, he must necessarily have a similar right to waive a jury trial and that the Constitution's guarantee of a fair trial gives defendants the right to safeguard themselves against possible jury prejudice by insisting on a trial before a judge alone. Turning his attention to Rule 23(a), petitioner claims that the Fifth, Sixth, Ninth, and Tenth Amendments are violated by placing conditions on the ability to waive trial by jury.
 We have examined petitioner's arguments and find them to be without merit.
Thus, in terms of the Federal Constitution, it is clear that such a rule does not offend Article III, Section 2 of the United States Constitution which provides for a right to jury trials.
The Nebraska Supreme Court has on several occasions considered this question in light of Article I, Section 6 of the Nebraska Constitution. See, Johnson v. State,169 Neb. 783, 100 N.W.2d 844 (1960) and State v. Carpenter,181 Neb. 639, 150 N.W.2d 129 (1967). In State v. Carpenter, the Nebraska Supreme Court had overruled an earlier Nebraska case in the following language:
 That case held in essence that the right to a trial by jury, as encompassed by Article I, sections 6 and 11, of the Constitution of Nebraska, was designed for the protection of the state as well as the defendant, and may not be waived. We now determine that holding was made under a misapprehension of the nature of the right involved. The right to a jury trial is personal to the defendant, and the state is without power to require one if the defendant wishes to waive it.
In the above quote, the Nebraska Supreme Court was referring to the case of Michaelson v. Beemer, 72 Neb. 761,101 N.W. 1001 (1904). No mention was made in State v. Carpenter
of Singer v. United States. In fact, the issue came up at the request of the defendant with respect to the existence of Michaelson v. Beemer, and whether or not the defendant had the right to waive a jury trial. The language utilized in Carpenter was not directly concerned with the question of whether or not reasonable rules and regulations could be imposed on the waiver of the right. However, at the very next term the Nebraska Supreme Court had before it the case of State v. Godfrey, 182 Neb. 451,155 N.W.2d 438 (1968). In that case the defendant, after the jury had been impaneled but before opening statements, sought to waive his right to trial by jury. The district court refused to allow him to waive the right and trial proceeded to the jury. The court said:
 Under such circumstances, the trial court exercised proper judicial discretion in denying the motion. We hold that the court may reasonably require that a motion to waive a jury trial be made or filed within a reasonable time prior to trial as a condition to the consent of the court. The court, of course, may grant such a motion at any time and should do so whenever it will promote the fair, reasonable, and efficient administration of justice.
The remaining question, which has not been resolved by our Nebraska Supreme Court, is whether or not the County Attorney may constitutionally be given the right to refuse to consent to the waiver of a jury trial.
While there is dicta in the Nebraska cases cited above which would tend to indicate that the State may not refuse to allow waiver of a jury trial in these circumstances, the specific question has not been addressed by the Nebraska Supreme Court. We can perceive no substantial difference between Article I, Section 6 and Section 11 of the Nebraska Constitution, and Article III, Section 2 and theSixth Amendment to the Federal Constitution.
The Supreme Court in Singer reviewed the preconstitution history of jury trials and the right thereto, and also, generally, the waiver rights of defendants in other criminal proceedings. That court said:
 A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury the very thing that the Constitution guarantees him.
We believe that the considerations which prompted the enactment of the Nebraska constitutional provisions referred to above are similar to, and in concert with, the federal constitutional provisions. While the Nebraska Supreme Court could construe the Nebraska Constitution more narrowly and strictly than the United States Supreme Court has the Federal Constitution, we can find no basis for predicting that they would do so.
Such a rule would not violate the Federal Constitution. We can perceive nothing in the wording of the Nebraska Constitution which would suggest a contrary conclusion should be reached. We therefore believe that such a statute would be constitutional.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General